■ In the Matter of SHIRLEY HARVEY-COOK et al., on Behalf of EVELYN BICKNELL, Respondent, v DONALD BICKNELL, Appellant. [614 NYS2d 46] —In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Orange County (Slobod, J.), entered February 10, 1992, which, after a hearing, (1) directed Donald Bicknell to continue paying support at the rate of $50 per week plus $10 per week in arrears fixed as of January 16, 1992, at $3,155, (2) found him to be in contempt for willfully violating a support order of the same court, dated July 3, 1991, and directed that he be committed into the Orange County jail for a period of 60 days unless he paid arrears in the amount of $1,200 to the Orange County Support Collection Unit, and (3) granted the petitioner judgment against the husband in the sum of $3,155.

Ordered that the order is affirmed, without costs or disbursements.

The evidence adduced at the hearing supported the Family Court's finding that the husband's nonpayment of support pursuant to the July 3, 1991 support order resulted from willfulness rather than an inability to pay *(see,* Family Ct Act § 454 [3]). Despite the fact that the husband was regularly employed during the period in question, he made no support payments whatsoever and did not attempt to modify the order of support, both of which facts constitute prima facie evidence of willfulness *(see, Matter of Sands v Sands,* 105 AD2d 788; *Matter of Dickstein v Dickstein,* 99 AD2d 929). In addition, the ownership of real estate itself can provide prima facie proof of a person's ability to pay *(see, Matter of Grasso v Saidel,* 150

AD2d 916, 918). Having properly concluded that the husband's failure to abide by the order of support was willful, under the circumstances of this case commitment pursuant to Family Court Act ˙§ 454 (3) (a) was entirely proper *(see, Edwards v Edwards,* 122 AD2d 18). Mangano, P. J., Balletta, O'Brien, Hart and Florio, JJ., concur.