■ In the Matter of PATRICK WALSH, Appellant, v PATRICIA WALSH, Respondent. [643 NYS2d 137] —In a support proceeding pursuant to Family Court Act article 4, the former husband appeals from an order of commitment of the Family Court, Richmond County (Clark, J.), dated February 9, 1995, which, upon an order of the same court (Gansberg, H.E.), dated September 26, 1994, finding him to be in willful violation of a prior order of the same court dated January 10, 1994, adjudged him to be in willful violation of the prior order of the court dated January 10, 1994, and ordered him committed to prison for a term of 180 days, unless he purged himself of the violation by April 6, 1995.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, so much of the order of the Family Court dated September 26, 1994, as denied his application for a money judgment and set arrears, is not before us for review. No appeal lies from an order of a Hearing

Examiner where, as here, the appellant has not submitted objections to the order to a Family Court Judge (see, Family Ct Act § 439 [e]; *Matter of Mireille J. v Ernst F. J.,* 220 AD2d 503; *Matter of Werner v Werner,* 130 AD2d 754). However, the provisions of the Hearing Examiner's order which found the appellant to be in willful violation of the January 10, 1994, order and recommended that he be committed to prison are brought up for review by the appeal from the order of commitment dated February 9, 1996 (see, *Matter of Menaldino [Aletha TT.] v Mark UU.,* 141 AD2d 265, 267).

The Family Court's decision underlying its February 9, 1995, order of commitment found that the appellant had continually ignored his support obligations and that he was in willful default thereof. The court found that his business practices were "willfully inadequate" and that he had the skills and ability to generate a substantial income. Under these circumstances, it was not error to order that the appellant be committed to prison if the required payments were not made (see, Family Ct Act § 454; *Matter of Harvey-Cook v Bicknell,* 206 AD2d 371; *Davenport v Guardino,* 166 AD2d 349; cf., *Bulow v Bulow,* 121 AD2d 423).

We have reviewed the appellant's remaining contention and find it to be without merit. Balletta, J. P., Sullivan, Copertino and Krausman, JJ., concur.