■ In the Matter of CHRISTINE MAZZILLI, Respondent, v PAUL MAZZILLI, Appellant. [668 NYS2d 925] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Hepner, J.), dated May 6, 1996, which, upon a determination of the Hearing Examiner (Panepinto, H. E.) dated November 17, 1995, found him in willful violation of an order of support and, upon his failure to purge himself of the contempt, committed him to jail for a period of three months.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court properly relied upon the determination of the Hearing Examiner, who was in an unique position to hear and observe the witnesses, and whose determination will not be disturbed on appeal unless no fair interpretation of the evidence can support the findings (*see, Matter of Reed v Reed,* 240 AD2d 951; *Matter of Stone v Stone,* 236 AD2d 615; *Matter of Stanziano v Stanziano,* 235 AD2d 845). The evidence showed that the father's alleged financial inability to comply with the support order was a fabrication, and was contradicted, *inter*

*alia*, by the comfortable lifestyle he led with his girlfriend, the mother's unrebutted testimony of a questionable transfer of real property to his family for a consideration of $10, the "loss" of his video business due to market forces when another viable video store operates in its place, and his receipt of unreported income from several sources (*see, Stempler v Stempler,* 233 AD2d 435; *Matter of Fierro v Fierro,* 211 AD2d 676, 677-679).

The father's claims of his search for employment were largely unsubstantiated or refer to efforts that lacked diligence. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.