◼ In the Matter of BARBARA DARIFF, Respondent, v ERIC MOSKOWITZ, Appellant. [675 NYS2d 306] —In a proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Queens County (Freeman, J.), dated April 16, 1997, as amended May 22, 1997, which, upon a revised order of the same court (Gartner, H.E.), dated April 16, 1997, *inter alia,* continuing a prior order of support and recommending that the appellant be incarcerated for willful violation of that order of support, adjudged the appellant to be in willful

violation of the prior order of support, committed him to the custody of the Commissioner of Corrections of the City of New York, and permitted him to purge himself of the contempt by payment of $2,500 to the Family Court's Support Collection Unit.

Ordered that the order as amended is affirmed, without costs or disbursements.

It was proper for the Family Court to rely upon the determination of the Hearing Examiner in finding the appellant to be in willful violation of an order of support (*see, Matter of Mazzilli v Mazzilli,* 248 AD2d 474). There is no merit to the appellant's contention that the hearing was improperly conducted so as to deny him due process. The record reveals that the appellant did not sustain his burden to rebut the prima facie evidence of willfulness established by his admission that he failed to pay previously-ordered support by showing sufficient proof of his inability to pay (*see,* Family Ct Act § 454 [3] [a]; *Matter of Stone v Stone,* 236 AD2d 615; *Matter of Bickwid v Deutsch,* 229 AD2d 533).

The appellant's remaining contentions are without merit. Mangano, P. J., Thompson, Santucci and Altman, JJ., concur.