■ In the Matter of LISA CATTELL, Respondent, v RICHARD CATTELL, Appellant. [678 NYS2d 657] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Trainor, J.), entered November 15, 1996, which denied his objections to an order of the same court (Lynaugh, H.E.), entered September 27, 1996, which found him to be in willful violation of an order dated October 25, 1993, and granted the petitioner's application for leave to enter a money judgment in the principal sum of $5,600 representing child support arrears, and (2) from an order of the same court dated November 15, 1996, which, upon finding him in contempt of court for his failure to comply with the order dated October 25, 1993, ordered him imprisoned for a term of 90 days unless he made a payment of $5,600.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court was entitled to adopt the findings of the Hearing Examiner that the father willfully violated the child support order, without holding a new hearing before issuing the order of commitment (see, Matter of Mazzilli v Mazzilli, 248 AD2d 474; Louie v Ong, 211 AD2d 495). Moreover, in light of the proof that the father owed child support arrears in the amount of $6,600, the $5,600 he was required to pay in order to purge the contempt was not unreasonable.

We defer to the findings of the Hearing Examiner and the Family Court who rejected as not credible the father's claim that he was unable to comply with the support order because he was unemployable due to physical disability, since they had the opportunity to see and hear the witnesses (see, Matter of Jimenez v Jimenez, 222 AD2d 589; Matter of Maddox v Doty, 186 AD2d 135). Mangano, P. J., Rosenblatt, Ritter and Altman, JJ., concur.