In a support proceeding pursuant to Family Court Act article 4, Thomas L. Hill appeals from (1) an order of the Family Court, Suffolk County (Raimondi, H.E.), dated May 3, 2002, finding that he willfully failed to pay court-ordered child support, and (2) an order of the same court (Blass, J.), dated May 31, 2002, which found him in contempt of the order directing him to pay child support, confirmed the order dated May 3, 2002, and committed him to the Suffolk County Correctional Facility for a term of 90 days unless he purged his contempt by paying the sum of $7,500 toward child support arrears.
Ordered that the appeal from the order dated May 3, 2002, is *435 dismissed, without costs or disbursements, as no appeal lies as of right from that order and we decline to grant leave to appeal (see Family Ct Act § 1112); and it further,
Ordered that the order dated May 31, 2002, is affirmed, without costs or disbursements.
The proof before the Hearing Examiner of the appellant’s failure to pay court-ordered child support constituted prima facie evidence of a willful violation of the support order (see Family Ct Act § 454 [3] [a]; York v York, 250 AD2d 838 [1998]; Matter of Wilkinson v Wilkinson, 232 AD2d 572 [1996]). The burden of going forward then shifted to the appellant to offer competent, credible evidence of his inability to comply with the order (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]). The appellant failed to meet this burden (see Matter of Dorner v McCarroll, 271 AD2d 530 [2000]; Matter of Bouchard v Bouchard, 263 AD2d 775 [1999]; Matter of Mazzilli v Mazzilli, 248 AD2d 474 [1998]; Matter of Walsh v Walsh, 227 AD2d 497 [1996]). Thus, the finding that his violation of the support order was willful was supported by the evidence.
The appellant’s contentions concerning an order dated August 29, 2000, entered upon his default, are not properly before this Court in view of the fact that his appeal from a subsequent order denying his motion to vacate his default was previously dismissed for failure to prosecute (see Bray v Cox, 38 NY2d 350 [1976]; Jeff Isaac Rare Coins v Atlantic Discount Brokerage, 196 AD2d 643 [1993]). In any event, the contentions are without merit (see Matter of Fierro v Fierro, 211 AD2d 676 [1995]).
The appellant’s remaining contentions are without merit (see Matter of Roth v Bowman, 245 AD2d 521 [1997]). Santucci, J.E, Luciano, Schmidt and Adams, JJ., concur.