In the Matter of MICHELLE CASTILLO, Respondent, v JUAN CASTILLO, Appellant. [804 NYS2d 421]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from stated portions of an order of the Family Court, Rockland County (Kaufman, J.), dated September 7, 2004, which, inter alia, confirmed an order of the same court (Miklitsch, S.M.) dated June 28, 2004, finding that he willfully violated a prior order of support and denying his petition for a downward modification of his support obligations, and (2) an order of commitment of the same court (Kaufman, J.) dated December 9, 2004, which committed him to the Rockland County Jail for a period of six months, with his release conditioned upon his payment of the sum of $5,271.62.

Ordered that the order dated September 7, 2004, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from the order of commitment dated December 9, 2004, is dismissed, as academic, without costs or disbursements, as the period of incarceration has expired.

The father's failure to pay support constituted prima facie evidence of his willful violation of the support order (*see* Family Ct Act § 454 [3] [a]). Thus, the burden shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). Although the father claimed that he had no money to pay child support because a physical condition prevented him from working, he did not offer any medical evidence to support this claim (*see Matter of Commissioner of Social Servs. v Rosen*, 289 AD2d 487, 489 [2001]). Therefore, the Family Court properly found that the father willfully violated the support order by failing to seek employment.

The father's remaining contention is not properly before this Court and, in any event, is without merit. Crane, J.P., Mastro, Rivera and Spolzino, JJ., concur.