In the Matter of ANDREA VICTORIO, Respondent, v JOSEPH MCBRATNEY, Appellant. [821 NYS2d 262]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of disposition of the Family Court, Richmond County (Castaldi, S.M.), dated September 15, 2005, as determined that he willfully violated an order of support of the same court dated February 2, 2004, and (2) from an order of commitment of the same court (McElrath, J.), dated September 15, 2005, which committed him to the custody of the New York City Department of Corrections for a term of incarceration of six months, commencing September 15, 2005, unless he purged himself of his contempt by paying the sum of $46,370 to the mother.

Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order of commitment is modified, on the law and in the exercise of discretion, by deleting the provision thereof permitting the father to purge himself of his contempt by paying the mother the sum of $46,370, and substituting therefor a provision permitting the father to purge himself of his contempt by paying the mother the sum of $10,000; as so modified, the order of commitment is affirmed, without costs or disbursements.

Pursuant to a stipulation of settlement dated June 12, 2000,

the father, who earned an annual salary of $25,000, agreed to pay the mother $282 per week in child support for their two sons. The agreement did not state what the amount of an award under the Child Support Standards Act (CSSA) would be and did not explain why the parties' agreement did not provide for an award in accordance with the guidelines in violation of Domestic Relations Law § 240 (1-b) (h) (*see Warnecke v Warnecke,* 12 AD3d 502 [2004]; *Matter of Schaller v Schaller,* 279 AD2d 525, 527 [2001]; *Cardinal v Cardinal,* 275 AD2d 756, 757-758 [2000]). The settlement agreement was incorporated but did not merge in the parties' judgment of divorce, dated May 11, 2001. The Supreme Court, Richmond County, did not set forth its reasons for approving a support order which deviated from the CSSA guidelines.

At a hearing on June 22, 2005 the Family Court noted that the appellant was paying child support in the sum of $639.76 per month pursuant to an income execution against his disability pension. The father admitted that he willfully failed to make child support payments and agreed, inter alia, to pay a lump sum of $5,000 to the mother by August 15, 2005. The appellant failed to pay the $5,000 by August 15, 2005, and managed to pay only $639.76 per month pursuant to the income execution.

By order of disposition dated September 15, 2005, the Support Magistrate, inter alia, determined that the father wilfully disregarded his obligation under a lawful order, and recommended that the father be incarcerated for six months. By order of commitment dated September 15, 2005, the Family Court (McElrath, J.), committed the father to the custody of the New York City Department of Corrections, commencing September 15, 2005, for a term of six months or until he purged himself of his contempt by paying the sum of $46,370 to the mother. On November 3, 2005, this Court granted the father's motion to stay enforcement of the orders appealed from.

We modify. We note that there was no concession or finding that the father was capable of paying the full amount of accrued child support arrears. Under the particular circumstances of this case, we reduce the purge amount to the sum of $10,000, the amount previously agreed to by the father.

However, we note that the retroactive reduction of support arrears accruing pursuant to the judgment of divorce which incorporated the terms of the stipulation and from which no appeal was taken would violate Domestic Relations Law § 236 (B) (9) and § 244 (*see Matter of Dox v Tynon,* 90 NY2d 166, 171 [1997]).

The father's remaining contentions are without merit. Adams, J.P., Goldstein, Luciano and Spolzino, JJ., concur.