■ In the Matter of MARIA VASCONCELLOS, Respondent, v WALTER VASCONCELLOS, Appellant. [829 NYS2d 705]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Davidson, J.), dated November 4, 2005, which, after a hearing, found that he willfully violated an order of support of the same court dated June 27, 2003, and committed him to the Westchester County Jail for a period of six months unless he purged himself of his contempt by paying child support arrears in the sum of $6,306.48.

Ordered that the appeal from so much of the order as committed the father to the Westchester County Jail for a term of imprisonment of six months is dismissed as academic, as the period of incarceration has expired; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In reviewing the Family Court's finding, we give great deference to its determination because it was in the best position to assess the credibility of the witnesses (*see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]). The evidence supports the finding of the Family Court that the father willfully violated the order of support dated June 27, 2003. The father's failure to make support payments constituted prima facie evidence of his willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 68 [1995]; *Matter of Castillo v Castillo*, 23 AD3d 653, 654 [2005]). The burden then shifted to the father to offer some competent, credible evidence of his inability to comply with the order (*see Matter of Powers v Powers, supra* at 69-70; *Matter of Castillo v Castillo, supra* at 654). The Family Court properly found that the father failed to demonstrate with credible evidence that he made reasonable efforts to obtain gainful employment to meet his child support obligations, and it thus properly rejected claims of unemployment and impoverishment (*see Matter of Teller v Tubbs*, 34 AD3d 593 [2006]).

The father's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Krausman, Fisher and Lifson, JJ., concur.