In the Matter of FAITH BRENNAN, Respondent, v CHRISTO-PHER BURGER, Appellant. [882 NYS2d 181]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Rockland County (Miklitsch, S.M.), dated November 26, 2007, as, after a hearing, denied his petition for a downward modification of his child support obligation and granted that branch of the mother's petition which was to adjudicate him in willful violation of a support order dated October 12, 2006, (2) from an order of commitment of the same court (Apotheker, J.), dated December 12, 2007, which, upon the finding that he willfully violated the support order dated October 12, 2006, committed him to the Rockland County jail for a term of imprisonment of three months with the opportunity to purge the contempt by payment of the sum of $2,000, and (3) from an order of the same court (Christopher, J.), dated May 20, 2008, which denied his objection to so much of the order dated November 26, 2007, as, after a hearing, denied his petition for a downward modification of his child support obligation.

Ordered that the appeal from so much of the order dated November 26, 2007, as, after a hearing, denied the father's petition for a downward modification, is dismissed, without costs or disbursements, as that portion of that order was superseded by the order dated May 20, 2008; and it is further,

Ordered that the appeal from the order of commitment is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated November 26, 2007, is reversed insofar as reviewed, without costs or disbursements, and that branch of the mother's petition which was to adjudicate the father in willful violation of the child support order dated October 12, 2006, is denied; and it is further,

Ordered that the order dated May 20, 2008, is reversed, on the law and the facts, without costs or disbursements, the father's objection is sustained, so much of the order dated November 26, 2007, as, after a hearing, denied his petition for downward modification is vacated, and the matter is remitted to the Family Court, Rockland County, for further proceedings consistent herewith.

By order dated October 12, 2006, the father's support obliga-

tion was increased to the sum of $608.82 biweekly, based upon his income of approximately $72,000 per year. Thereafter, the father lost his job and petitioned for a downward modification of child support. The mother filed an enforcement petition. After a hearing, the father's petition for downward modification of child support was denied. Further, the Family Court found that the father's failure to pay child support was willful, and directed his imprisonment for three months unless he purged himself of his contempt by paying the sum of $2,000.

The Family Court erred in finding that the father had willfully violated the support order dated October 12, 2006, based upon his income of approximately $72,000 per year. Proof of the father's failure to pay support constituted "prima facie evidence of a willful violation" (Family Ct Act § 454 [3] [a]), and shifted the burden to him to come forward with competent credible evidence of his inability to do so (*see Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Yeager v Yeager*, 38 AD3d 534 [2007]). The father offered competent proof of his unemployment and efforts to find new employment. He also showed a lack of assets. Thus, he rebutted the mother's prima facie case.

The Family Court determined that the father was responsible for his failure to find new employment because he harbored an unreasonable expectation of finding another job which paid approximately $72,000 per year, which was unrealistic in light of his education and prior employment history. That finding was inconsistent with the Family Court's finding that there was no basis for downward modification of his child support obligation which was based upon an annual salary of approximately $72,000 per year. The father established that downward modification of his child support obligation was warranted based upon a substantial change of circumstances (*see Matter of Prisco v Buxbaum*, 275 AD2d 461 [2000]).

We note that in a subsequent order dated October 9, 2008, the father was granted a downward modification of child support, effective October 10, 2008. Therefore, we need not remit this matter to the Family Court, Rockland County, for a determination of the father's current child support obligations. However, the matter must be remitted to that court to determine what the father's child support obligation should have been as of March 2007, based upon his loss of employment, and for a recomputation of arrears, if any, due and owing. Spolzino, J.P., Angiolillo, Chambers and Hall, JJ., concur.