█ In the Matter of MALLORY PROBERT, Respondent, v ROGER PROBERT, Appellant. [888 NYS2d 181]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1) from an order of commitment of the Family Court, Nassau County (Greenberg, J.), dated December 8, 2008, which, upon, in effect, confirming an order of the same court (Watson, S.M.), also dated December 8, 2008, made after a hearing, inter alia, finding that he willfully violated a prior order of support and recommending that he be incarcerated for a term of 30 days, committed him to the Nassau County Correctional Facility for a period of 6 months with the opportunity to purge his contempt by payment of the sum of $50,000, and (2), as limited by his brief, from so much of an order of the same court dated April 15, 2009, as denied those branches of his motion which were to vacate the order of commitment.

Ordered that the order of commitment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof committing the father to the Nassau County Correctional Facility for a period of 6 months with the opportunity to purge his contempt by payment of the sum of $50,000, and substituting therefor a provision committing the father to the Nassau County Correctional Facility for a period of 30 days, ending January 20, 2009; as so modified, the order of commitment is affirmed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated April 15, 2009, as denied that branch of the father's motion which was to vacate so much of the order of commitment as committed the father to the Nassau County Correctional Facility for a period of 6 months with the opportunity to purge his contempt by payment of the sum of $50,000, is dismissed as academic in light of our determination of the appeal from the order of commitment, without costs or disbursements; and it is further,

Ordered that the order dated April 15, 2009, is affirmed insofar as reviewed, without costs or disbursements.

Proof of failure to pay child support as Ordered constitutes prima facie evidence of willful violation of an order of support (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Brennan v Burger, 63 AD3d 922, 923 [2009]; Matter of Vasconcellos v Vasconcellos, 37 AD3d 613 [2007]). Once a prima facie showing has been made, the burden shifts to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter

*of Powers v Powers,* 86 NY2d at 69-70; *Matter of Brennan v Burger,* 63 AD3d at 923; *Matter of Vasconcellos v Vasconcellos,* 37 AD3d at 613). Here, in response to the mother's prima facie showing, the father failed to sustain his burden. Therefore, the Family Court's determination that the father willfully violated an order of child support was proper.

However, the Family Court improvidently exercised its discretion in affording the father the opportunity to purge his contempt by payment of the sum of $50,000, as the record did not establish that the father had the ability to pay that amount (*see Matter of Victorio v McBratney,* 32 AD3d 962, 963 [2006]; *cf. Matter of Broome County Dept. of Social Servs. v Paine,* 35 AD3d 1111, 1112 [2006]). Moreover, under the circumstances of this case, a shorter sentence than the six months imposed by the Family Court is more appropriate (*see Matter of Wolski v Carlson,* 309 AD2d 759 [2003]). Accordingly, we modify the order of commitment by reducing the period of commitment to the 30 days served by the father, which ended on January 20, 2009, the date this Court granted the father's motion to stay enforcement of the order of commitment. Dillon, J.P., Dickerson, Belen and Roman, JJ., concur.