■ In the Matter of LYNDA GORSKY, Respondent, v JOHN A. KESSLER, Appellant. [912 NYS2d 649]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Westchester County (Klein, J.), entered June 8, 2009, which upon, in effect, confirming an order of the same court (Furman, S.M.), entered May 27, 2009, made after a hearing, inter alia, finding that he willfully violated a prior order of support and recommending that he be incarcerated for a term of six months, committed him to the Westchester County Jail for a period of 90 days with the opportunity to purge his contempt by paying the sum of $50,000.

Ordered that the order of commitment entered June 8, 2009, is affirmed, with costs.

Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support (*see* Family Ct Act § 454 [3]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Probert v Probert*, 67 AD3d 806, 807 [2009]; *Matter of Greene-Tyus v Tyus*, 61 AD3d 758 [2009]). Here, the mother presented testimony establishing the father's arrears and the father admitted the existence of those arrears. Accordingly, the mother met her prima facie burden (*see Matter of Calvello v Calvello*, 20 AD3d 525, 526 [2005]; *Matter of Powers v Horner*, 12 AD3d 609 [2004]; *Matter of Sapp v Taylor*, 298 AD2d 590, 591 [2002]). In response, the father offered no "competent, credible evidence of his inability to make the required payments" (*Matter of Powers v Powers*, 86 NY2d at 70; *see Matter of Calvello v Calvello*, 20 AD3d at 526). Accordingly, the Family Court properly deter-

mined that the father willfully violated an order of child support.

Where a willful violation is found, the determination as to what sanction to impose lies within the Family Court's discretion (*see Matter of Armstrong v Belrose*, 9 AD3d 625, 627 [2004]; *Matter of Commissioner of Social Servs. v Rosen*, 289 AD2d 487, 489 [2001]). Here, the Family Court did not improvidently exercise its discretion either in ordering 90 days of incarceration or in setting a purge amount of $50,000 (*compare Matter of Cattell v Cattell*, 254 AD2d 357 [1998]; *Matter of Harvey-Cook v Bicknell*, 206 AD2d 371, 372 [1994]; *cf. Matter of Probert v Probert*, 67 AD3d at 807-808).

The father's remaining contentions are without merit (*see Kessler v Kessler*, 47 AD3d 892, 894, 896 [2008]; *Matter of Armstrong v Belrose*, 9 AD3d at 627). Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.