■ In the Matter of ANA B., Respondent, v HECTOR N., Appellant. [953 NYS2d 587]—

Order, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about February 3, 2012, which adopted the fact-

finding determination of the Support Magistrate, dated February 3, 2012, that respondent father had willfully violated a child support order, and committed him to the New York City Department of Correction (DOC) for a term of four months or until he pays $2,370 to the Child Support Collection Unit, unanimously affirmed, without costs.

Respondent's testimony acknowledging the child support arrears constituted prima facie evidence of a willful violation of the support order, which he failed to rebut with competent, credible evidence of his inability to make the required payments (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]). There is no basis to disturb the Support Magistrate's findings, which are supported by the record and based largely on his assessments of credibility (*see Matter of Maria T. v Kwame A.*, 35 AD3d 239, 240 [1st Dept 2006]). The record does not show that there was any bias on the part of the Support Magistrate.

We reject respondent's contention that child support arrears should have been fixed at $500 pursuant to Family Court Act § 413 (1) (g). Respondent failed to provide any documentation establishing his income from September 2009 to the date of the filing of the enforcement petition (*cf. Matter of Commissioner of Social Servs. v Campos*, 291 AD2d 203, 204-205 [1st Dept 2002]). He also failed to make an application to reduce or annul his child support arrears (*see* Family Ct Act § 451 [1]; *Matter of Commissioner of Dept. of Social Servs. of the City of N.Y. v Charles B.*, 91 AD3d 455, 456 [1st Dept 2012]).

The Family Court providently exercised its discretion in committing respondent to the DOC for a term of four months (*see Matter of Gorsky v Kessler*, 79 AD3d 746, 747 [2d Dept 2010]). Indeed, the court had the authority to commit respondent "to jail for a term not to exceed six months" upon its finding that he had willfully failed to obey a lawful child support order (Family Ct Act § 454 [3] [a]). Given the proof that respondent owed $14,600 in child support arrears, it was not unreasonable to require him to pay $2,370 to purge his contempt (*see Gorsky*, 79 AD3d at 747). Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.