Order, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about February 3, 2012, which adopted the fact- *477 finding determination of the Support Magistrate, dated February 3, 2012, that respondent father had willfully violated a child support order, and committed him to the New York City Department of Correction (DOC) for a term of four months or until he pays $2,370 to the Child Support Collection Unit, unanimously affirmed, without costs.
Respondent’s testimony acknowledging the child support arrears constituted prima facie evidence of a willful violation of the support order, which he failed to rebut with competent, credible evidence of his inability to make the required payments (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). There is no basis to disturb the Support Magistrate’s findings, which are supported by the record and based largely on his assessments of credibility (see Matter of Maria T. v Kwame A., 35 AD3d 239, 240 [1st Dept 2006]). The record does not show that there was any bias on the part of the Support Magistrate.
We reject respondent’s contention that child support arrears should have been fixed at $500 pursuant to Family Court Act § 413 (1) (g). Respondent failed to provide any documentation establishing his income from September 2009 to the date of the filing of the enforcement petition (cf. Matter of Commissioner of Social Servs. v Campos, 291 AD2d 203, 204-205 [1st Dept 2002]). He also failed to make an application to reduce or annul his child support arrears (see Family Ct Act § 451 [1]; Matter of Commissioner of Dept. of Social Servs. of the City of N.Y. v Charles B., 91 AD3d 455, 456 [1st Dept 2012]).
The Family Court providently exercised its discretion in committing respondent to the DOC for a term of four months (see Matter of Gorsky v Kessler, 79 AD3d 746, 747 [2d Dept 2010]). Indeed, the court had the authority to commit respondent “to jail for a term not to exceed six months” upon its finding that he had willfully failed to obey a lawful child support order (Family Ct Act § 454 [3] [a]). Given the proof that respondent owed $14,600 in child support arrears, it was not unreasonable to require him to pay $2,370 to purge his contempt (see Gorsky, 79 AD3d at 747). Concur — Mazzarelli, J.R, Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.