In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from stated portions of an order of commitment of the Family Court, Suffolk County (Freundlich, J.), dated March 12, 2012, which, inter alia, in effect, confirmed an order of the same court *887 (Joseph-Cheriy, S.M.), also dated March 12, 2012, made after a hearing, finding that he willfully violated a prior order of support, and (2) from an order of the same court (Hoffmann, J.), dated April 20, 2012, which denied his objections to an order of the same court (Joseph-Cherry, S.M.) dated February 22, 2012, denying his motion for leave to renew his prior motion pursuant to CPLR 5015 to vacate the prior order of support.
Ordered that the order of commitment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
Ordered that the order dated April 20, 2012, is affirmed, without costs or disbursements.
Proof of failure to pay child support as ordered constitutes prima facie evidence of a willful violation of an order of support (see Family Ct Act § 454 [3]; Matter of Logue v Abell, 97 AD3d 582, 583 [2012]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]). Here, the mother presented testimony establishing the father’s arrears, and the father admitted the existence of those arrears. Thus, the mother met her prima facie burden (see Matter of Gorsky v Kessler, 79 AD3d 746 [2010]). In response, the father offered no “competent, credible evidence of his inability to make the required payments” (Matter of Powers v Powers, 86 NY2d at 70; see Matter of Kaplan v Kaplan, 102 AD3d 873 [2013]; Matter of Seleznov v Pankratova, 57 AD3d 679, 681 [2008]). Therefore, the Family Court properly determined that the father willfully violated an order of child support.
Contrary to the father’s contention, he was afforded his right to due process in this proceeding (see generally Matter of Ball v Marshall, 103 AD3d 1270, 1271-1272 [2013]; Matter of Cox v Cox, 133 AD2d 828 [1987]), and there is no evidence in the record that the Support Magistrate was prejudiced or biased against him (see Matter of Suyunov v Tarashchansky, 98 AD3d 744, 745 [2012]; Matter of Feng Lucy Luo v Yang, 89 AD3d 946, 947 [2011]).
The Family Court properly denied the father’s objections to the Support Magistrate’s denial of his motion for leave to renew his prior motion pursuant to CPLR 5015 to vacate the order of support, as the father failed to provide any new information that was not available to him at the time of the prior application (see CPLR 2221 [e] [2]).
The father’s claim that he was deprived of the effective assistance of counsel is without merit. Viewed in totality, the record *888 reveals that he received meaningful representation (see Matter of Phillips v Giddings, 96 AD3d 950, 951-952 [2012]; Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]; Matter of Jarrett v Mosslih, 34 AD3d 808, 809 [2006]). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.