In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Richmond County (Lim, J.), dated February 21, 2013, which, upon findings of fact of the same court (Hickey, S.M.) dated February 6, 2013, made after a hearing, inter alia, finding that she willfully violated a prior order of support dated November 13, 2006, and recommending that she be incarcerated for a period of six months, in effect, granted the petition, confirmed the finding of willfulness, and directed that she be incarcerated for a period of six months unless she paid the sum of $60,000.
Ordered that order dated February 21, 2013, is reversed, on the facts, without costs or disbursements, and the petition to adjudicate the mother in willful violation of the child support order dated November 13, 2006, is denied.
The mother’s failure to pay child support as directed in the order dated November 13, 2006, constituted “prima facie evidence of a willful violation” of an order of support (Family Ct Act § 454 [3] [a]; see Matter of Probert v Probert, 67 AD3d 806, 807 [2009]). The burden then shifted to the mother to offer “some competent, credible evidence of [her] inability to make the required payments” (Matter of Powers v Powers, 86 NY2d 63, 70 [1995]; see Family Ct Act § 454 [3] [a]; Matter of Gorsky v Kessler, 79 AD3d 746 [2010]; Matter of Brennan v Burger, 63 AD3d 922, 923 [2009]; Yeager v Yeager, 38 AD3d 534 [2007]).
Here, the record sufficiently demonstrates that the mother was on public assistance, that she had been recently evicted from the apartment where she was living, and that she was unable to pay the amounts required by the child support order which had been entered, on her default, approximately six years earlier. Under these circumstances, the mother met her burden of establishing that she did not willfully violate the child support order. Accordingly, the Family Court should have denied the father’s petition to adjudicate the mother in willful violation of the prior child support order (see Yeager v Yeager, 38 AD3d at 535; Bisnoff v Bisnoff, 27 AD3d 606, 607 [2006]).
In light of our determination, we need not address the *715 mother’s remaining contentions. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.