■ In the Matter of PAMELA S. ROTTMAN, Respondent, v ROBERT JOHN COULL, Appellant. (Proceeding Nos. 1 and 3.) In the Matter of ROBERT COULL, Appellant, v PAMELA ROTTMAN, Respondent. (Proceeding No. 2.) [976 NYS2d 672]—

In three related child support proceedings pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Westchester County (Furman, S.M.), dated July 31, 2012, as, after a hearing, denied his petition for a downward modification of his child support obligation, found that he willfully violated a prior order of child support, and recommended that he be incarcerated for a period of six months unless he purged his contempt by paying the sum of $16,186.69, (2) from an order of same court (Fur-

man, S.M.) dated August 2, 2012, which directed the entry of a money judgment in favor of the mother and against him in the principal sum of $16,186.69 for child support arrears, (3), as limited by his brief, from so much of an order of the same court (Greenwald, J.) entered September 25, 2012, as confirmed the finding of willfulness, and (4), as limited by his brief, from so much of an amended order of the same court (Greenwald, J.) entered October 17, 2012, as confirmed the finding of willfulness.

Ordered that the appeal from the order dated July 31, 2012, is dismissed, without costs or disbursements, as the portion of that order appealed from which denied the father's petition for a downward modification of his child support obligation was superseded by an order of the Family Court, Westchester County, entered March 12, 2013 (see Matter of Rottman v Coull, 112 AD3d 839 [2013] [decided herewith]), and the portion of that order appealed from which found that the father willfully violated a prior order of child support and recommended that he be incarcerated for a period of six months unless he purged his contempt by paying the sum of $16,186.69 is not appealable; and it is further,

Ordered that the appeal from the order dated August 2, 2012, is dismissed, without costs or disbursements, as that order was superseded by the order entered March 12, 2013; and it is further,

Ordered that the appeal from the order entered September 25, 2012, is dismissed, without costs or disbursements, as the portions of that order appealed from were superseded by the amended order entered October 17, 2012; and it is further,

Ordered that the amended order entered October 17, 2012, is affirmed insofar as appealed from, without costs or disbursements.

By decision and order dated December 7, 2006, the Appellate Division, First Department, modified an order of support of the Supreme Court, New York County, by, inter alia, reducing the father's basic child support obligation to $1,890.73 per month, effective January 1, 2005 (see Coull v Rottman, 35 AD3d 198 [2006]). In July 2011, the mother filed a petition in the Family Court, Westchester County, alleging that the father willfully failed to obey the child support order. Thereafter, the father filed a petition seeking a downward modification of his child support obligation.

After a hearing on the parties' petitions, the Support Magistrate, by order dated July 31, 2012, denied the father's petition for a downward modification of his child support obligation,

found that he willfully violated the child support order, and recommended that he be incarcerated for a period of six months unless he purged his contempt by paying the sum of $16,186.69. By order dated August 2, 2012, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $16,186.69 for child support arrears based upon the finding that the father willfully failed to obey the child support order. Thereafter, the Family Court, by order entered September 25, 2012, and amended order entered October 17, 2012, confirmed the Support Magistrate's finding of willfulness. By order entered March 12, 2013, the Family Court denied the father's objections to stated portions of the order dated July 31, 2012, and, in effect, denied his objections to the order dated August 2, 2012 (*see Matter of Rottman v Coull*, 112 AD3d 839 [2013] [decided herewith]).

The Family Court properly determined that the father willfully violated the prior order of child support. "Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support" (*Matter of Gorsky v Kessler*, 79 AD3d 746, 746 [2010]; *see* Family Ct Act § 454 [3]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]). "Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments" (*Matter of Gorsky v Kessler*, 79 AD3d at 746; *see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d at 69-70). Here, the mother presented testimony establishing the father's arrears, and the father admitted the existence of those arrears. Consequently, the mother met her prima facie burden (*see Matter of Bianco v Bruce-Ross*, 107 AD3d 886, 887 [2013]; *Matter of Gorsky v Kessler*, 79 AD3d at 746). In response, the father failed to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 70; *Matter of Bianco v Bruce-Ross*, 107 AD3d at 887; *Matter of Kaplan v Kaplan*, 102 AD3d 873 [2013]).

The father's remaining contentions are without merit. Mastro, J.P., Lott, Austin and Roman, JJ., concur.