In the Matter of MARY C. APUZZO, Appellant, v DANIEL CAZEAU, Respondent. [4 NYS3d 544]—

Appeal from an order of the Family Court, Rockland County (William P. Warren, J.), dated December 4, 2013. The order denied the mother's objections to an order of the same court (Catherine M. Miklitsch, S.M.), which, after a hearing, denied her petition alleging that the father was in willful violation of an order of child support.

Ordered that the order dated December 4, 2013, is affirmed, without costs or disbursements.

Contrary to the mother's contention, she was afforded her right to due process at the hearing on her violation petition (*see Matter of Bianco v Bruce-Ross*, 107 AD3d 886, 887 [2013]).

Proof of failure to pay child support as ordered constitutes prima facie evidence of a willful violation of an order of support (*see* Family Ct Act § 454 [3]; *Matter of Logue v Abell*, 97 AD3d 582 [2012]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]).

Here, the evidence presented at the hearing with respect to the father's arrears satisfied the mother's prima facie burden (*see* Family Ct Act § 454 [3] [a]; *Matter of Bianco v Bruce-Ross*, 107 AD3d at 887). However, under the circumstances of this case, the father, by adducing competent, credible evidence of his inability to make the required payments, met his burden of establishing that he did not willfully violate the subject child support order (*see Matter of Granberg v Granberg*, 112 AD3d 714 [2013]; *Matter of Lecei v Lecei*, 112 AD3d 629, 630 [2013]).

Accordingly, the Family Court properly denied the mother's objections to the Support Magistrate's order denying her petition alleging that the father was in willful violation of the child support order. Mastro, J.P., Dillon, Hall and Miller, JJ., concur.