Matter of Cameron v King (2018 NY Slip Op 02777)





Matter of Cameron v King


2018 NY Slip Op 02777


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2017-01234
 (Docket No. F-1810-06/16G)

[*1]In the Matter of Pauline R. Cameron, respondent,
v
Garry King, appellant.


William A. Sheeckutz, East Meadow, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig and Robert F. Van der Waag of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Felice J. Muraca, J.), dated January 17, 2017. The order of commitment, in effect, confirmed an order of disposition of the same court (Eileen Daly-Sapraicone, S.M.), made after a hearing, determining that the father willfully violated a prior order of child support, and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $18,503.69. By decision and order on motion dated April 17, 2017, this Court granted the father's motion to stay his incarceration pending hearing and determination of the appeal.
ORDERED that the order of commitment is affirmed, without costs or disbursements; and it is further,
ORDERED that the decision and order on motion of this Court dated April 17, 2017, staying the father's incarceration pending hearing and determination of the appeal is vacated.
The father and the mother have one child together. In 2013, an order of child support was entered against the father. The father failed to make any payments, and in July 2016, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the child support order. The Nassau County Department of Social Services (hereinafter the DSS) thereafter intervened in the proceeding because the child was a recipient of public assistance, and the father owed child support through the Support Collection Unit. After a hearing, the Support Magistrate issued an order of disposition determining that the father willfully violated the child support order, and recommending a period of incarceration of 10 days with a purge amount of $500. Thereafter, the Family Court issued an order of commitment dated January 17, 2017, which, in effect, confirmed the order of disposition determining that the father willfully violated the child support order, and committed the father to the custody of the Nassau County Correctional Facility for a period of 90 days unless he paid the purge amount of $18,503.69. The father appeals from the order of commitment.
"Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support" (Matter of Gorsky v Kessler, 79 AD3d 746, 746; see Family [*2]Ct Act § 454[3]; Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Rojas-Paredes v Lewis, 149 AD3d 844, 845). "Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments" (Matter of Gorsky v Kessler, 79 AD3d at 746; see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Rojas-Paredes v Lewis, 149 AD3d at 845; Matter of Probert v Probert, 67 AD3d 806, 807).
Here, the DSS presented evidence establishing the father's arrears, and the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, the Family Court properly, in effect, confirmed the determination of the Support Magistrate that the father willfully violated the child support order (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Rojas-Paredes v Lewis, 149 AD3d at 845; Matter of Gorsky v Kessler, 79 AD3d at 746; Matter of Probert v Probert, 67 AD3d at 807).
Where, as here, "a willful violation of an order of support is found, the determination as to the appropriate sanction lies within the Family Court's discretion" (Matter of Sullivan v Kilkenny, 141 AD3d 533, 535; see Matter of Rube v Tornheim, 82 AD3d 1246; Matter of Gorsky v Kessler, 79 AD3d at 747; Matter of Commissioner of Social Servs. v Rosen, 289 AD2d 487, 489). Pursuant to Family Court Act § 454(3)(a), the court has authority to "commit the respondent to jail for a term not to exceed six months." Under the circumstances herein, the Family Court did not improvidently exercise its discretion in ordering 90 days of incarceration unless he paid the purge amount (see Matter of Sullivan v Kilkenny, 141 AD3d 533; Matter of Rube v Tornheim, 82 AD3d 1246; Matter of Gorsky v Kessler, 79 AD3d 746; Matter of Victorio v McBratney, 32 AD3d 962; Matter of Powers v Horner, 12 AD3d 608, 609).
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court