Matter of Melanie C. v Carlo B. (2021 NY Slip Op 01940)





Matter of Melanie C. v Carlo B.


2021 NY Slip Op 01940


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. F-01701-18/18B Appeal No. 13454 Case No. 2019-05152 

[*1]In the Matter of Melanie C., Petitioner-Respondent,
v
Carlo B., Respondent-Appellant. Dkt No.


Law Office of Bruce A. Young, Brooklyn (Bruce A. Young of counsel), for appellant.
Law Office of Helene Carvallo, New York (Helene Carvallo of counsel), for respondent.



Order, Family Court, New York County (Valerie A. Pels, J.), entered on or about November 18, 2019, which confirmed the finding of willfulness as to the father's nonpayment of support for the parties' child, and issued an order of commitment for up to six months with suspension of order of commitment upon payment of $10,000, and brought up for review amended findings of fact, same court (Tionnei Clarke, Support Magistrate), entered on or about November 6, 2019, which, after a hearing, found that the father willfully violated his child support obligations, recommended a warrant for his arrest, and recommended incarceration for a period not to exceed six months or suspension of commitment upon payment of $10,000, unanimously affirmed, without costs.
Failure to pay child support, as ordered, constitutes prima facieevidence of a willful violation, at which point the burden shifts to the respondent to offer competent credible evidence of his or her inability to make payments as ordered (Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63 [1995]). The father did not do so, and the court's finding of willfulness, and the penalties it imposed, were a provident exercise of its discretion (Family Ct Act § 454[3][a]; Matter of Ana B. v Hector N., 100 AD3d 476 [1st Dept 2012]). The father's untenable position on appeal is, in essence, that he is not responsible to pay child support in accordance with his divorce judgment or so-ordered agreements because he has been supporting the child while wrongfully, and unilaterally, deciding to retain custody of her in Italy, in contravention of New York court orders and an Italian appellate court ruling. To the extent Family Court drew "negative inferences" from this conduct, as he contends, such inferences were well founded. Even if his retention of the child in Italy were somehow defensible for any period of time, e.g., before issuance of the ruling from the Italian Court of Appeal, it remains an unavailing justification for present purposes, as the father cites no provision of the parties' agreements or legal authority for his apparent claim that his obligations were conditional upon where the child was living. His conclusory assertions that he could not have been in willful violation since he could not afford to pay are also unavailing. He testified that his financial conditions had not changed since the time he entered into the child support agreements, he did not seek downward modification of those agreements, and we reject his claims that he deserved such modification since his "direct support" expenses have now increased, given his unauthorized retention of the child without the mother's consent and in contravention of a court order.
Contrary to his contention, Family Court specified the facts on which the finding of willfulness was based (see 22 NYCRR 205.43[g][1]). These were that the mother credibly testified to not consenting to the child living in Italy, that no New York court order had granted [*2]the father custody (and, to the contrary, there was a New York court order requiring him to return the child to the mother in New York), that he had entered into an agreement to satisfy arrears but never made such payments, that he had failed to return the child to the mother, and that he has been employed, full-time, since 2008, and without change in his financial circumstances since he had entered into the relevant agreement. The Support Magistrate's findings, moreover, were not "inconsistent," as he claims. The Support Magistrate apparently recognized he had adequate assets to satisfy the purge amount, and thus deleted the provision in its original findings stating otherwise, and he shows no reason to question that revision.
As for his assertions that the mother did not adequately prove she actually paid for the add-on expenses she claimed to have incurred, we defer to Family Court's determinations, grounded in its assessment of the mother's credibility (Matter of Andre v Warren, 192 AD2d 491 [1st Dept 1993]). He claims it was unfair for the court to admit into evidence, over his counsel's objection, the "voluminous" exhibit reflecting add-ons that he claims to have never previously seen, but does not identify any inaccuracies in the exhibit. His arguments about comity and deference to Italian court orders are unavailing, now that the Italian Court of Appeal has vacated the order providing that the child was not required to return to New York. We further reject his assertions of having been denied due process or effective assistance of counsel. He was afforded a fair hearing with an Italian interpreter present, and was provided with court-appointed counsel once he requested it, who, moreover, cross-examined the mother, argued his case, and participated actively on his behalf throughout the hearing (Sequeira v
Sequeira, 105 AD3d 504 [1st Dept 2013], lv denied 21 NY3d 1052 [2013]).
We have considered the father's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021