Matter of Santman v Schonfeldt (2022 NY Slip Op 05693)

Matter of Santman v Schonfeldt

2022 NY Slip Op 05693

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-03125
 (Docket No. F-7815-18/21E)

[*1]In the Matter of Caroline Santman, appellant,
v
Heracles Schonfeldt, respondent.

Orrick, Herrington & Sutcliffe, LLP, New York, NY (Rene Kathawala of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated April 14, 2022. The order denied the mother's objections to an order of the same court (Nadine J. Satterthwaite, S.M.) dated March 15, 2022, which, in effect, denied the petition and dismissed the proceeding.
ORDERED that the order dated April 14, 2022, is modified, on the law, by deleting the provision thereof denying the mother's objection to so much of the order dated March 15, 2022, as failed to issue a money judgment in her favor and against the father, and substituting therefor a provision granting that objection and vacating that portion of the order dated March 15, 2022; as so modified, the order dated April 14, 2022, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for the entry of an appropriate money judgment in accordance herewith.
The parties are the parents of two children. In October 2021, the mother commenced this proceeding alleging that the father had willfully violated an order of child support dated October 29, 2018, requiring him to pay the sum of $2,750 per month, and an order dated June 24, 2021, directing him to make payments towards arrears in the amount of $250 per month. At a hearing held on the petition, the Support Magistrate considered only whether there was evidence of a willful violation for the period subsequent to the issuance of the June 24, 2021 order. Following the hearing, the Support Magistrate found that the mother had failed to meet her burden of proving the amount of arrears and that the father's failure to pay was willful. By order dated March 15, 2022, the Support Magistrate, in effect, denied the petition and dismissed the proceeding. In an order dated April 14, 2022, the Family Court denied the mother's objections to the order dated March 15, 2022. The mother appeals.
"Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support" (Matter of Gorsky v Kessler, 79 AD3d 746, 746; see Matter of Powers v Powers, 86 NY2d 63, 69-70). Here, the mother presented evidence at the hearing of the father's failure to pay child support as ordered. Specifically, the mother presented evidence that the father had made only one child support payment during the relevant period, and that he owed basic child support in the sum of $19,591.43. Therefore, the mother met her prima facie burden (see Matter of Rottman v Coull, 112 AD3d 837, 839; Matter of Gorsky v Kessler, 79 AD3d at 746).
The burden then shifted to the father to offer some competent, credible evidence that his failure to pay child support in accordance with the order was not willful (see Matter of Powers v Powers, 86 NY2d at 69-70; Matter of Bea v Winslow, 162 AD3d 763, 764). The father testified, and presented proof, that he intended to pay, but his employer and/or the Support Collection Unit had not properly followed through with the wage garnishment procedure. The Support Magistrate found the father's testimony credible. "Great deference should be given to the credibility determinations of the Support Magistrate, who is in the best position to assess the credibility of the witnesses" (Matter of Hanrahand v Hanrahand, 202 AD3d 679, 680). Under the circumstances of this case, the father's showing was sufficient to establish that his failure to pay was not willful.
Nevertheless, as there was competent proof at the hearing that the father failed to obey a lawful order of child support (see Family Ct Act § 454[1]), a money judgment should be entered in favor of the mother for the amount of child support arrears that accrued during the relevant period (see id. §§ 454[2][a]; 460[1]; Matter of Baumgardner v Baumgardner, 126 AD3d 895, 898). Accordingly, we remit the matter to the Family Court, Nassau County, for the entry of an appropriate money judgment in favor of the mother and against the father in accordance herewith.
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court