Chen v Chen (2026 NY Slip Op 00010)

Chen v Chen

2026 NY Slip Op 00010

Decided on January 06, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 06, 2026

Before: Renwick, P.J., Manzanet-Daniels, Gesmer, Higgitt, Michael, JJ. 

Index No. 365145/23|Appeal No. 5513|Case No. 2025-00128|

[*1]Andrea Chen, Respondent,
vTimothy Chen, Appellant.

Timothy Chen, appellant pro se.
Law Offices of Deana Balahtsis, New York (Deana Balahtsis of counsel), for respondent.

Order, Supreme Court, New York County (Kathleen C. Waterman, J.), entered on or about November 25, 2024, which, to the extent appealed from as limited by the briefs, held defendant in civil contempt pursuant to Judiciary Law § 753 of a June 9, 2023 pendente lite order based on his willful failure to comply therewith, and directed him to pay a fine of $52,873.83 representing arrears owed under the pendente lite order and plaintiff's reasonable attorneys' fees in enforcing the pendente lite order, unanimously affirmed, without costs.
The court providently found that defendant was in civil contempt of the June 9, 2023 pendente lite order by failing to pay child support and add-on expenses to plaintiff in accordance therewith (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). The order directed defendant to pay $1,967 per month in child support and 42% of the children's add-on expenses, yet he paid only $50 per month in child support and none of the add-ons, resulting in approximately $43,000 in arrears and thereby defeating, impairing, and prejudicing the wife's rights (see id.; Judiciary Law § 753).
Plaintiff carried her prima facie burden of showing contempt because defendant admitted that he did not make the support and add-on expense payments as directed (see Matter of Ana B. v Hector N., 100 AD3d 476, 477 [1st Dept 2012]). Defendant failed to rebut plaintiff's showing with competent and credible evidence establishing his inability to pay (see El-Dehdan, 26 NY3d at 35). Defendant's claim was contradicted by his own financial statements, which showed that he prioritized payment of his own expenses ahead of his child support obligations (see Matter of Powers v Powers, 86 NY2d 63, 69-70 [1995]).
Moreover, defendant failed to establish adequate efforts to obtain employment that would generate sufficient income to meet his child support obligations (see Matter of Susan W. v Darren K., 213 AD3d 593, 594 [1st Dept 2023]; Matter of Teller v Tubbs, 34 AD3d 593, 594 [2d Dept 2006]; Matter of Falk v Owen, 29 AD3d 991, 991-92 [2d Dept 2006]). Nor did defendant's partial payments of $50 per month constitute a sufficiently good faith effort to comply so as to avoid contempt (cf. Wessels v Wessels, 200 AD3d 1178, 1179-1180 [3d Dept 2021]).
Defendant's arguments that the court violated his due process rights in the course of deciding the contempt motion are unpreserved (see Kolakowski v 10839 Assoc., 185 AD3d 427, 427 [1st Dept 2020]). In any event, the arguments are unavailing. Defendant was represented by two attorneys, including a pro bono attorney regarding his financial matters, during the briefing of the contempt motion. Moreover, since it was clear from the papers submitted to the court that there were no issues of fact to be resolved, it was
proper for the court to make a finding of civil contempt without a hearing (see Cashman v Rosenthal, 261 AD2d 287, 287 [1st Dept 1999]). 
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2026