■ In the Matter of MARIE SAINTIME, Respondent, v LOUBERT SAINT SURIN, Appellant. [838 NYS2d 580]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Olshansky, J.), dated June 27, 2006, which, after a hearing, found that he was in willful violation of an order of support of

the same court (Shamas, H.E.), dated August 7, 2002, and directed his incarceration for a period of six months based on his contempt.

Ordered that the appeal from so much of the order as directed incarceration for a period of six months is dismissed as academic, as the period of incarceration has expired; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the mother.

Initially we note that although the father has completed his sentence, the appeal from so much of the order dated June 27, 2006, as found him to be in willful violation of the order of support dated August 7, 2002, is not academic, in light of the enduring consequences which might flow from the finding that he violated the order of support (*see Matter of Bickwid v Deutsch,* 87 NY2d 862 [1995]).

The account statements from the special collections units indicating that the father failed to pay support constituted prima facie evidence of his willful violation of the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Jarrett v Mosslih,* 34 AD3d 808, 809 [2006]). The burden of going forward then shifted to the father to rebut the prima facie evidence by offering some competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers,* 86 NY2d 63, 68 [1995]). Since the father failed to rebut this evidence, the Family Court properly determined that the father willfully violated the support order.

The father's remaining contentions are unpreserved for appellate review or without merit. Rivera, J.P., Florio, Dillon and Carni, JJ., concur.