■ In the Matter of ORANGE COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of NICOLE M. MARTINEZ, Respondent, v DERRICK D. DAVIS, Appellant. [888 NYS2d 764]—In a child support proceeding pursuant to Family Court Act articles 4 and 5-B, the father appeals, as limited by his brief, from so much of an order of commitment of the Family Court, Orange County (Bivona, J.), dated March 19, 2009, as, after a hearing, granted that branch of the petition of the Orange County Commissioner of Social Services which was to adjudicate him in willful violation of a child support order dated May 12, 2008, and committed him to the Orange County Jail for a term of imprisonment of 90 days with the opportunity to purge his contempt by payment of child support arrears in the sum of $3,337, plus such additional arrears as have accrued through the date of payment. By decision and order on motion dated May 1, 2009, this Court, inter alia, stayed enforcement of the order of commitment pending hearing and determination of the appeal.

Ordered that the order dated March 19, 2009, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the petition of the Orange County Commissioner of Social Services which was to adjudicate the father in willful violation of a prior child support order is denied.

The Family Court erred in finding that the father willfully violated the support order dated May 12, 2008. While the petitioner made a prima facie showing of a willful violation (*see* Family Ct Act § 454 [3] [a]), the father carried his burden of coming forward with competent, credible evidence of his inability to pay (*see Matter of Powers v Powers,* 86 NY2d 63, 69-70 [1995]; *Matter of Brennan v Burger,* 63 AD3d 922, 923 [2009]). Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.