■ In the Matter of WESTCHESTER COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of TIFFANY SANTANA, Respondent, v ALEX PEREZ, Appellant. [897 NYS2d 192]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Westchester County (Horowitz, J.), dated April 17, 2009, which, after a hearing, adjudged him to be in willful violation of a child support order of the same court dated April 18, 2008, and committed him to the Westchester County Correctional Facility for a term of imprisonment of three months.

Ordered that the appeal from so much of the order as committed the father to the Westchester County Correctional Facility for a term of imprisonment of three months is dismissed as academic, without costs and disbursements, as the period of

incarceration has expired (*see Matter of Seleznov v Pankratova,* 57 AD3d 679, 680 [2008]; *Matter of Saintime v Saint Surin,* 40 AD3d 1103, 1104 [2007]; *Matter of Kainth v Kainth,* 36 AD3d 915 [2007]); and it is further,

Ordered that the order dated April 17, 2009, is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, and that branch of the petition which was to adjudicate the father in willful violation of a child support order dated April 18, 2008, is denied.

Initially, we note that although the father has completed his sentence, the appeal from so much of the order dated April 17, 2009, as adjudged him to be in willful violation of the child support order dated April 18, 2008, is not academic, in light of the enduring consequences which might flow from the finding that he violated the order of support (*see Matter of Bickwid v Deutsch,* 87 NY2d 862 [1995]; *Matter of Saintime v Saint Surin,* 40 AD3d at 1104; *Matter of Zullo v Hom,* 10 AD3d 614, 616 [2004]).

Pursuant to Family Court Act § 454 (3) (a), proof that a respondent has failed to pay child support, as required by a support order constitutes "prima facie evidence of a willful violation," and shifts the burden to the respondent "to offer some competent, credible evidence of his [or her] inability to make the required payments" (*Matter of Powers v Powers,* 86 NY2d 63, 69-70 [1995]; *see Matter of Probert v Probert,* 67 AD3d 806, 807 [2009]; *Matter of Orange County Commr. of Social Servs. v Davis,* 67 AD3d 1018 [2009]; *Matter of Brennan v Burger,* 63 AD3d 922, 923 [2009]). Contrary to the Family Court's determination, the father sustained his burden of demonstrating his financial inability to make the payments required by the child support order dated April 18, 2008. The father presented uncontroverted evidence that, since losing his position as a security guard in 2004, he has been able to obtain only sporadic employment at low wages, and has no savings or other assets. Under these circumstances, the finding that his violation of the child support order was willful was not supported by the record (*see Matter of Orange County Commr. of Social Servs. v Davis,* 67 AD3d 1018 [2009]; *Matter of Brennan v Burger,* 63 AD3d at 923; *Matter of Kainth v Kainth,* 36 AD3d at 916; *Matter of Beck v Beck,* 228 AD2d 672 [1996]). Accordingly, that branch of the petition which was to adjudicate the father in willful violation of the child support order should have been denied.

The parties' remaining contentions are without merit, or need not be reached in light of our determination. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.