In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from stated portions of an order of commitment of the Family Court, Suffolk County (Hoffmann, J.), dated June 5, 2012, which was issued upon the confirmation of an order of disposition and findings of fact of the same court (Fields, S.M.), both dated June 5, 2012, made after a hearing, finding that he willfully violated a child support order.
Ordered that the order of commitment is affirmed insofar as appealed from, without costs or disbursements.
Proof of failure to pay child support as ordered constitutes prima facie evidence of a willful violation of an order of support (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 68-69 [1995]). Once a prima facie showing has been made, the burden shifts to the party that owes the support to offer some competent, credible evidence of his or her inability to make the required payments (see Matter of Powers v Powers, 86 NY2d at 69-70). Here, upon the mother’s prima facie showing of the father’s failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (see Matter of Kaplan v Kaplan, 102 AD3d 873, 873 [2013]; Matter of Logue v Abell, 97 AD3d 582, 583 [2012]; Matter of Phillips v Giddings, 96 AD3d 950, 951 [2012]; Matter of Cooper v Robertson, 69 AD3d 714, 714 [2010]; see also Family Ct Act § 424-a [b]). Accordingly, the Family Court properly determined that the father willfully violated an order of child support.
The father’s remaining contentions are without merit or are not properly before this Court. Mastro, J.P., Rivera, Lott and Cohen, JJ., concur.