In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Orange County (Woods, J.), dated January 3, 2013, which, after a hearing, determined that he willfully violated an order of child support dated April 10, 2012, and directed that he be committed to the Orange County Jail for a period of 60 days, and (2) an order of commitment of the same court dated December 14, 2012, which committed him to the Orange County Jail for a period of 60 days unless he paid child support arrears in the sum of $5,269.14, plus such additional arrears as might have accrued through the date of payment.
Ordered that the appeal from so much of the order of disposition as directed that the father be committed to the Orange County Jail for a period of 60 days, and the appeal from the order of commitment, are dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Burns v Sternberg, 105 AD3d 952 [2013]); and it is further,
Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
Although the period of the father’s incarceration has expired, the appeal from so much of the order of disposition as determined that he wilfully violated an order of child support is not academic in light of the enduring consequences which may *905 potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (see Matter of Rubackin v Rubackin, 62 AD3d 11 [2009]; Matter of Er-Mei Y., 29 AD3d 1013 [2006]).
The Family Court did not err in finding that the father had willfully violated an order of child support. There was proof that the father failed to pay child support as ordered, which was prima facie evidence of a willful violation (see Family Ct Act § 454 [3] [a]). The father failed to come forward with competent, credible evidence that his failure to pay support in accordance with the terms of the order was not willful (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Rabasco v Lamar, 106 AD3d 1095 [2013], lv denied 21 NY3d 1051 [2013]; Matter of Makawi v Makawi, 262 AD2d 487 [1999]). The fact that the father was receiving public assistance did not conclusively establish his inability to pay child support and was not sufficient to relieve him of his obligation to provide such support (see Matter of Grant v Green, 293 AD2d 540 [2002]; Matter of Commissioner of Social Servs. v McDonald, 245 AD2d 506 [1997]). The petitioner established, by clear and convincing evidence, that the father willfully and deliberately situated himself in a position to have limited income, and the father did not demonstrate that he had made reasonable efforts to obtain gainful employment to meet his child support obligation (see Matter of Seleznov v Pankratova, 57 AD3d 679 [2008]; Matter of Teller v Tubbs, 34 AD3d 593 [2006]). Furthermore, although the father claimed that stress and mental problems prevented him from finding and holding a job, he failed to offer any competent medical evidence to establish that he was unable to obtain employment due to mental illness (see Matter of Yamonaco v Fey, 91 AD3d 1322 [2012]; Matter of Sutton-Murley v O’Connor, 61 AD3d 1054 [2009]; Matter of Greene v Holmes, 31 AD3d 760 [2006]).
The father’s remaining contentions are without merit. Baltin, J.P., Leventhal, Austin and Roman, JJ., concur.