■ In the Matter of DIANA L. TOLKINEN, Respondent, v REUBEN A. SIEWERT, Appellant. [12 NYS3d 559]—Appeal from an order of commitment of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered February 6, 2014. The order of commitment confirmed findings of fact and an order of disposition of that court (Steven Kaufman, S.M.), also entered February 6, 2014, made after a hearing, finding that Reuben A. Siewert willfully violated an order of child support and committed him to the custody of the Dutchess County Jail for a period of 30 days.

Ordered that the order of commitment is affirmed, without costs or disbursements.

Proof of failure to pay child support as ordered constitutes prima facie evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 68-69 [1995]; *Matter of Kaplan v Kaplan*, 102 AD3d 873 [2013]). Once a prima facie showing has been made, the burden shifts to the party who owes the support to offer some competent, credible evidence of his or her inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69-70; *Matter of Kaplan v Kaplan*, 102 AD3d at 873). Here, upon the petitioner's prima facie showing of the father's failure to pay child support as ordered, the father failed to meet his burden of offering competent, credible evidence of his inability to make the required payments (*see Matter of Kaplan v Kaplan*, 102 AD3d at 873; *Matter of Logue v Abell*, 97 AD3d 582, 583 [2012]; *Matter of Phillips v Giddings*, 96 AD3d 950, 951 [2012]; *Matter of*

*Cooper v Robertson*, 69 AD3d 714, 714 [2010]). Accordingly, the Family Court properly determined that the father willfully violated an order of child support. Skelos, J.P., Hall, Austin and Sgroi, JJ., concur.