■ In the Matter of PATRICK DEZIL, Respondent, v TIFFANY GARLICK, Appellant. [25 NYS3d 337]—

Appeal from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated November 24, 2014. The order of commitment confirmed findings of fact and an order of disposition of that court (Neil T. Miller, S.M.) dated November 18, 2014, made after a hearing, finding that the mother willfully violated a prior order of child support, and committed her to the custody of the Nassau County Correctional Facility for a period of 120 days unless she paid the purge amount of $7,053.08.

Ordered that the appeal from so much of the order of commitment as committed the mother to the custody of the Nassau County Correctional Facility for a period of 120 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Rodriguez v Suarez*, 93 AD3d 730 [2012]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father, who was awarded sole physical and legal custody of the parties' child, commenced this proceeding alleging that the mother was in willful violation of an order of child support dated February 14, 2013. Following a hearing, the Support Magistrate made fact-findings that the mother was in willful violation of the order of support and issued an order of disposition recommending that the mother be held in contempt of court and that the court consider a period of incarceration. The Family Court confirmed the Support Magistrate's findings of fact, granted the father's petition, and issued an order of commitment committing the mother to the custody of the Nassau County Correctional Facility for a period of 120 days unless she paid a purge amount of $7,053.08.

Although the appeal from so much of the order of commitment as ordered that the mother be incarcerated is dismissed as academic, the appeal from so much of the order of commitment as confirmed the finding and determination that the mother was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that she violated the order of support (*see Matter of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d 906, 907 [2010]; *Matter of Saintime v Saint Surin*, 40 AD3d 1103, 1104 [2007]; *cf. Matter of April G. v Duane M.*, 105 AD3d 491, 491 [2013]).

Under Family Court Act § 454 (3) (a), which relates to "willful" failures to obey support orders, a "failure to pay support as ordered itself constitutes 'prima facie evidence of a willful violation' " (*Matter of Powers v Powers*, 86 NY2d 63, 69 [1995], quoting Family Ct Act § 454 [3] [a]; *see Matter of Tolkinen v Siewert*, 130 AD3d 837, 837 [2015]). This means that "proof that respondent has failed to pay support as ordered alone establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward" (*Matter of Powers v Powers*, 86 NY2d at 69; *see Matter of Maharaj-Ellis v Laroche*, 132 AD3d 767, 767 [2015]). Here, the father presented proof that the mother failed to pay child support as ordered. The burden of going forward then shifted to the mother to offer competent, credible evidence of her inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69). The mother failed to sustain her burden. Even assuming the truth of the mother's contention that she had been unemployed in her chosen field—a contention that the Support Magistrate reasonably chose not to credit—she failed to present any evidence that she had made a reasonable and diligent effort to secure employment. Thus, the mother failed to meet her burden

of presenting competent, credible evidence that she was unable to make payments as ordered (*see Matter of Maharaj-Ellis v Laroche*, 132 AD3d at 767; *Matter of Tolkinen v Siewert*, 130 AD3d at 837; *cf. Matter of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d at 907).

Accordingly, the Family Court properly confirmed the determination of the Support Magistrate that the mother willfully violated the order of child support (*see Matter of Tolkinen v Siewert*, 130 AD3d at 838). Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.