■ In the Matter of KIM STRADFORD, Respondent, v EASTON B. BLAKE, Appellant. [35 NYS3d 467]—

Appeal from an order of commitment of the Family Court, Nassau County (Patricia A. Harrington, J.), dated October 30, 2014. The order of commitment, in effect, confirmed findings of fact and an order of disposition of that court (Neil T. Miller, S.M.), dated October 30, 2014, made after a hearing, finding that the father willfully violated a prior order of support, and committed him to the custody of the Nassau County Correctional Facility for a period of six months unless he paid the purge amount of $112,342.80.

Ordered that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of six months is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Dezil v Garlick, 136 AD3d 904 [2016]); and it is further,

Ordered that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The mother commenced this proceeding against the father, alleging that he was in willful violation of a child support order dated June 30, 2006. Following a hearing, the Support Magistrate found that the father was in willful violation of the order of support and issued an order of disposition recommending that the court consider a period of incarceration. The Family Court, in effect, confirmed the Support Magistrate's findings of fact, granted the mother's petition, and issued an order of commitment, committing the father to the custody of the Nassau County Correctional Facility for a period of six months unless he paid the purge amount of $112,342.80. The father appeals.

Although the appeal from so much of the order of commitment as directed that the father be incarcerated must be dismissed as academic, the appeal from so much of the order of commitment as confirmed the finding and determination that the father was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of support (see Matter of Dezil v Garlick, 136 AD3d 904 [2016]; Matter of Rodriguez v Suarez, 93 AD3d 730 [2012]; Matter of Westchester

*County Commr. of Social Servs. v Perez*, 71 AD3d 906, 907 [2010]).

Under Family Court Act § 454 (3) (a), which relates to "willful" failures to obey support orders, a " 'failure to pay support as ordered itself constitutes prima facie evidence of a willful violation' " (*Matter of Dezil v Garlick*, 136 AD3d at 905, quoting *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *see* Family Ct Act § 454 [3] [a]). This means that " 'proof that respondent has failed to pay support as ordered alone establishes petitioner's direct case of willful violation, shifting to respondent the burden of going forward' " (*Matter of Dezil v Garlick*, 136 AD3d at 905, quoting *Matter of Powers v Powers*, 86 NY2d at 69).

Here, the mother presented proof that the father failed to pay child support as ordered (*see Matter of Saintime v Saint Surin*, 40 AD3d 1103 [2007]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to make the required payments (*see Matter of Powers v Powers*, 86 NY2d at 69; *Matter of Dezil v Garlick*, 136 AD3d at 905). The father failed to sustain his burden. The Support Magistrate found the father to be less than credible. Even assuming the truth of the father's contention that he had been unemployed in his chosen field since he lost his license to trade stocks and that he could not perform physical labor due to his heart condition, he failed to present any evidence that he had made a reasonable and diligent effort to secure employment. Thus, the father failed to meet his burden of presenting competent, credible evidence that he was unable to make payments as directed (*see Matter of Dezil v Garlick*, 136 AD3d at 905; *Matter of Nassau County Dept. of Social Servs. v Henry*, 136 AD3d 639 [2016]; *Matter of Girasek-Brick v Girasek*, 127 AD3d 861 [2015]; *cf. Matter of Westchester County Commr. of Social Servs. v Perez*, 71 AD3d 906 [2010]). Moreover, the father did not regularly pay child support between 2001, when the first order directing that he pay child support was entered, and 2014, when the hearing was held on the mother's petition. The father failed to provide proof that he applied for and was denied Social Security disability benefits even though directed to do so by the Support Magistrate. In addition, the Support Magistrate properly found that the father lacked credibility in his testimony that he had no income or assets from other sources.

Accordingly, the Family Court properly, in effect, confirmed the determination of the Support Magistrate that the father willfully violated the order of support (*see Matter of Dezil v Garlick*, 136 AD3d at 905). Leventhal, J.P., Roman, Sgroi and LaSalle, JJ., concur.