■ In the Matter of SARAH O'GORMAN, Respondent, v JOHN O'GORMAN, Appellant. [41 NYS3d 291]—Appeal by the father from an order of disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated November 24, 2015. The order, after a hearing, inter alia, found that the father willfully violated his child support obligation set forth in an order of that court dated March 16, 2015, and committed him to the custody of the Orange County Jail for a period of 45 days unless he paid the purge amount of $2,591.42.

Ordered that the appeal from so much of the order of disposition as committed the father to the Orange County Jail for a period of 45 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Dezil v Garlick*, 136 AD3d 904 [2016]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

Proof of failure to pay child support as ordered constitutes prima facie evidence of willful violation of an order of support (*see* Family Ct Act § 454 [3]; *Matter of Powers v Powers*, 86 NY2d 63, 69-70 [1995]; *Matter of Gorsky v Kessler*, 79 AD3d 746 [2010]). Once a prima facie showing has been made, the burden shifts to the person who has not paid the child support to offer some competent, credible evidence of his or her inability to make the required payments (*see Matter of Rottman v Coull*, 112 AD3d 837, 839 [2013]).

Here, after the mother established, prima facie, that the father failed to meet his support obligation set forth in an order dated March 16, 2015, the father failed to come forward with competent, credible evidence that his failure to pay was not willful (*see Matter of Powers v Powers*, 86 NY2d at 69). Accordingly, the Family Court properly determined that the father willfully violated an order of child support (*see Matter of Tolkinen v Siewert*, 130 AD3d 837 [2015]).

The father's remaining contentions are not properly before this Court. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.