In the Matter of Graciela Rojas-Paredes, Respondent, v Erwin Lewis, Appellant. [51 NYS3d 601]—

Appeal by the father from an order of disposition of the Family Court, Westchester County (Rachel Hahn, J.), dated May 23, 2016. The order of disposition, in effect, confirmed an order of the same court (Rosa Cabanillas-Thompson, S.M.), dated January 29, 2016, made after a hearing, finding that the father willfully failed to obey a prior order of that court directing payment of child support, and, inter alia, committed him to the custody of the Westchester County Correctional Facility for a period of four months unless he paid the purge amount of $10,000.

Ordered that the appeal from so much of the order of disposition as committed the father to the Westchester County Correctional Facility for a period of four months unless he paid the purge amount of $10,000 is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of O'Gorman v O'Gorman, 144 AD3d 918 [2016]); and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother commenced this proceeding against the father, alleging that he was in willful violation of a child support order. Following a hearing, the Support Magistrate, inter alia, found that the father was in willful violation of the order of support and recommended incarceration for a period of four months unless a purge amount was paid in the sum of $10,000. The Family Court, in effect, confirmed the Support Magistrate's findings of fact, and, inter alia, directed that the father be incarcerated for a period of four months unless he paid the purge amount of $10,000. The father appeals.

The appeal from so much of the order of disposition as committed the father to the Westchester County Correctional Facility for a period of four months absent payment of the purge amount must be dismissed as academic. However, in light of the enduring consequences which could flow from the finding that the father was in willful violation of the order of support, the appeal from so much of the order as, in effect, confirmed the finding and determination that the father was in willful violation of the order of support is not academic (see Matter of Stradford v Blake, 141 AD3d 725, 725 [2016]; Matter of Dezil v Garlick, 136 AD3d 904, 905 [2016]).

Failure to pay support, as ordered, constitutes prima facie

evidence of a willful violation (*see* Family Ct Act § 454 [3] [a]; *Matter of Dezil v Garlick*, 136 AD3d at 905). Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting to the respondent the burden of going forward (*see Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Matter of Dezil v Garlick*, 136 AD3d at 905). Once a prima facie showing has been made, the burden shifts to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (*see Matter of Powers v Powers*, 86 NY2d at 69).

Here, the mother presented prima facie evidence of the father's willful violation of a lawful support order and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, the Family Court correctly determined that the mother sustained her burden of proving a willful violation (*see Matter of Powers v Powers*, 86 NY2d at 70; *Matter of O'Gorman v O'Gorman*, 144 AD3d 918, 919 [2016]; *Matter of Probert v Probert*, 67 AD3d 806, 807-808 [2009]).

The father's contention that he was not provided a fair and reasonable opportunity to demonstrate that he made payments that were not accounted for is unpreserved for appellate review and, in any event, is based on matter dehors the record. Chambers, J.P., Sgroi, Duffy and Barros, JJ., concur.