Schad v Schad (2018 NY Slip Op 01070)





Schad v Schad


2018 NY Slip Op 01070


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-03698
 (Docket No. F-11559-06/16D)

[*1]In the Matter of Jodi L. Schad, respondent, 
v
Steven J. Schad, appellant.


Amy L. Colvin, Huntington, NY, for appellant.



DECISION & ORDER
Appeal from an order of commitment of the Family Court, Nassau County (Conrad D. Singer, J.), dated February 28, 2017. The order of commitment, in effect, confirmed an order of disposition of that court (Lisa M. Williams, S.M.) dated January 26, 2017, made after a hearing, determining that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 120 days unless he paid the purge amount of $12,693.18.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 120 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Larrier v Williams, 84 AD3d 805, 806); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have one child together. An order of child support issued in 2012 directed the father to pay $111 per week in child support. The father failed to make payments and in July 2016, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the child support order. On December 21, 2016, a hearing on the matter was held before a Support Magistrate, who subsequently issued an order of disposition determining that the father willfully violated the child support order. Thereafter, the Family Court issued an order of commitment dated February 28, 2017, which, in effect, confirmed the order of disposition, and committed the father to the custody of the Nassau County Correctional Facility for a period of 120 days unless he paid the purge amount of $12,693.18. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 120 days unless he paid the purge amount must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father violated the order of child support, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of the order of child support is not academic (see Matter of Stradford v Blake, 141 AD3d 725, 725; Matter of Dezil v Garlick, 136 AD3d 904, 905).
Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Dezil v Garlick, 136 AD3d at 905). Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Dezil v Garlick, 136 AD3d at 905).
Here, the mother presented prima facie evidence of the father's willful violation of a lawful support order and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, the Family Court properly, in effect, confirmed the determination of the Support Magistrate that the father willfully violated the order of child support (see Matter of Powers v Powers, 86 NY2d at 70; Matter of Stradford v Blake, 141 AD3d at 726; Matter of Fusco v Fusco, 134 AD3d 1112, 1113; Matter of St. Lawrence County Support Collection Unit v Laneuville, 101 AD3d 1199, 1200; Matter of Cooper v Robertson, 69 AD3d 714).
The father also contends that he was denied the effective assistance of counsel at the hearing to determine whether he willfully violated the order of child support (see Family Ct Act §§ 262[a][vi]; 454[3][a]; Matter of Scott v Scott, 62 AD3d 714, 715; Matter of Er-Mei Y., 29 AD3d 1013, 1015). Contrary to the father's contention, viewed in totality, the record reveals that he received meaningful representation (see Matter of Becker v Guenther, 150 AD3d 985, 986; Matter of Larrier v Williams, 84 AD3d at 806).
ROMAN, J.P., LASALLE, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court