Matter of Valverde v Owens (2018 NY Slip Op 02477)





Matter of Valverde v Owens


2018 NY Slip Op 02477


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2017-01418
 (Docket Nos. F-23123-14/14A, F-407-15/15A)

[*1]In the Matter of Mary A. Valverde, respondent,
v
Clifford . Owens III, appellant. (Proceeding No. 1)
In the Matter of Clifford V. Owens III, appellant,
v
Mary A. Valverde, respondent. (Proceeding No. 2)


Diana H. Kelly, Jamaica, NY, for appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated January 9, 2017. The order, insofar as appealed from, denied the father's objections to (1) so much of an order of the same court (Michael J. Fondacaro, S.M.) dated August 5, 2016, as, after a hearing, found that the father willfully violated a prior order of child support, and (2) an order of the same court (Michael J. Fondacaro, S.M.), also dated August 5, 2016, which dismissed the father's petition for a downward modification of his child support obligation.
ORDERED that the order dated January 9, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father have two children together. In an order of support dated September 19, 2014, entered on consent, the father was directed to pay, inter alia, monthly child support in the sum of $1,000. The mother filed a petition alleging that the father was in willful violation of the order of support. The father filed a petition for a downward modification of his child support obligation. Following a hearing, the Support Magistrate issued an order, inter alia, finding that the father willfully violated the order of support, and a separate order dismissing the father's petition. The Family Court denied the father's objections to the Support Magistrate's orders. The father appeals.
"[P]roof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation" (Matter of Rojas-Parades v Lewis, 149 AD3d 844, 845; see Family Ct Act § 454[3][a]; Matter of Rafferty v Ettinger, 150 AD3d 1016, 1016; Matter of Kretkowski v Pasqua, 147 AD3d 836, 837). Once a prima facie showing of willfulness has been made, the burden shifts to the party that owes the support "to offer some competent, credible evidence of his [or her] inability to make the required payments" (Matter of Powers v Powers, 86 NY2d 63, 69-70; see Matter of Rafferty v Ettinger, 150 AD3d at 1016; Matter of Rojas-Parades v Lewis, 149 AD3d at 845; Matter of Kretkowski v Pasqua, 147 AD3d at 837; Matter of Myles v Turner, 137 AD3d 1038, 1039). "Great deference should be given to the determination of the Support Magistrate, who is in the best position to assess the credibility of the witnesses and the [*2]evidence proffered" (Matter of Musarra v Musarra, 28 AD3d 668, 669).
Here, the mother presented prima facie evidence of the father's willful violation of the order of support and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, the Family Court correctly determined that the mother sustained her burden of proving a willful violation (see Matter of Logue v Abell, 97 AD3d 582, 583; Matter of Cooper v Robertson, 69 AD3d 714, 714; Matter of Teller v Tubbs, 34 AD3d 593, 594).
As to the father's petition, Family Court Act § 451(3)(a) provides that "[t]he court may modify an order of child support . . . upon a showing of a substantial change in circumstances." In addition, the court may modify an order of child support where "there has been a change in either party's gross income by fifteen percent or more since the order was entered, last modified, or adjusted" (Family Ct Act § 451[3][b][ii]). However, "[a] reduction in income shall not be considered as a ground for modification unless it was involuntary and the party has made diligent attempts to secure employment commensurate with his or her education, ability, and experience" (id.). "Deference should be given to credibility determinations of the Support Magistrate, who was in the best position to evaluate the credibility of the witnesses on this point" (Matter of Hezi v Hezi, 141 AD3d 587, 588).
Here, the father failed to demonstrate that a substantial change in circumstances had occurred or that he made diligent attempts to secure employment commensurate with his education, ability, and experience (see Matter of Rolko v Intini, 128 AD3d 705, 706). Accordingly, the Family Court properly denied the father's objections to the Support Magistrate's denial of his petition.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court