Matter of Olivari v Bianco (2018 NY Slip Op 03527)





Matter of Olivari v Bianco


2018 NY Slip Op 03527


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2017-00427
 (Docket No. F-6433-10)

[*1]In the Matter of Maria T. Olivari, respondent, 
v
Alan R. Bianco, appellant.


Ralph R. Carrieri, Mineola, NY, for appellant.
Linda A. Prizer, Jamesport, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Merik R. Aaron, J.), dated December 1, 2016. The order of commitment, in effect, confirmed findings of fact and an order of disposition of the same court (Eileen Daly-Sapraicone, S.M.) dated September 16, 2016, made after a hearing, finding that the father had willfully violated a prior order of child support, and upon the father's failure to pay the purge amount of $15,000, committed him to the custody of the Nassau County Jail for a period of 90 days.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 90 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The parties were divorced in 2010. The judgment of divorce awarded custody of their two children to the mother and directed the father to pay agreed-upon child support. In 2015, the Family Court issued an order of support directing the father to pay basic child support in the sum of $3,125 per month, plus $300 per month for extracurricular activities, and $118.30 per month for the children's health insurance premiums.
The mother subsequently commenced this proceeding alleging that, starting in 2015, the father willfully failed to pay his child support obligations. After a hearing, the Support Magistrate found that the father's failure to pay child support was willful, and in an order of commitment dated December 1, 2016, the Family Court committed the father to the custody of the Nassau County Jail for a period of 90 days, with a purge amount of $15,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 90 days must be dismissed as academic, the appeal from so much of the order of commitment as confirmed the finding and determination that the father was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of support [*2](see Matter of Stradford v Blake, 141 AD3d 725; Matter of Dezil v Garlick, 136 AD3d 904, 905).
Family Court Act § 454(3)(a) provides that if the court finds that a respondent willfully failed to obey an order of support, the court may "commit the respondent to jail for a term not to exceed six months. For purposes of this subdivision, failure to pay support, as ordered, shall constitute prima facie evidence of a willful violation." Here, the mother came forward with sufficient evidence at the hearing to show the father failed to pay the ordered support for the relevant period. This proof that the father failed to pay support as ordered alone established the mother's direct case of willful violation, shifting to the father the burden of going forward (see Matter of Powers v Powers, 86 NY2d 63, 68-69).
The father failed to establish his defense of an inability to pay (see Family Ct Act § 455[5]). Despite the father's claims, there was evidence at the hearing that the father chose to become indebted on a mortgage on a property in Florida and to pay his present wife's health and automobile insurance and rent, rather than paying the required child support. Thus, the evidence showed that the father diverted his income to these other expenses, including travel to Florida in connection with the property there, rather than comply with the order of support (see Matter of Powers v Powers, 86 NY2d at 70), and used personal expenses as business deductions, making his income appear lower (see Castello v Castello, 144 AD3d 723, 725-726). Furthermore, the father, a licensed attorney and insurance agent, failed to show any attempt to secure employment with a law firm or insurance agency (see Matter of Richards v Bailey, 296 AD2d 412, 413). Deference should be accorded the Support Magistrate's credibility determinations, which includes the decision not to rely on the father's own account of his finances (see Matter of Decillis v Decillis, 152 AD3d 512, 513). Accordingly, we decline to disturb the Family Court's finding of willfulness.
Contrary to the father's contention, viewed in totality, counsel for the father provided meaningful representation (see Matter of Becker v Guenther, 150 AD3d 985, 986; Matter of Ulster County Support Collection Unit v Oliver, 135 AD3d 1114).
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court