Matter of Robinson-Pickett v Sirius-El (2018 NY Slip Op 04735)





Matter of Robinson-Pickett v Sirius-El


2018 NY Slip Op 04735


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11268
 (Docket No. F-12866-15/16A)

[*1]In the Matter of Lisa A. Robinson-Pickett, respondent, 
v
Yusef Sirius-El, appellant.


Yusef Sirius-El, Brooklyn, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Fay Ng and Jonathan A. Popolow of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act articles 4 and 5-B, the father appeals from an order of commitment of the Family Court, Kings County (Javier E. Vargas, J.), dated September 15, 2016. The order of commitment, in effect, confirmed an order of the same court (John M. Fasone, S.M.), dated September 8, 2016, made after a hearing, finding that the father willfully violated a prior order of child support, and committed the father to the New York City Department of Correction for a period of six months, on weekends from Friday at 6 p.m. to Monday at 6 a.m., with the opportunity to purge by paying the sum of $15,000 for child support.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the New York City Department of Correction is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Dezil v Garlick, 136 AD3d 904); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The Corporation Counsel of the City of the New York commenced this proceeding pursuant to Family Court Act articles 4 and 5-B on behalf of the mother, alleging that the father was in willful violation of a child support order issued by the Court of Common Pleas of Allegheny County, Pennsylvania, and registered for enforcement in the New York State Family Court, Kings County, pursuant to Family Court Act article 5-B. After a hearing, the Support Magistrate issued an order, inter alia, determining that the father willfully violated the child support order and recommending a period of incarceration. Thereafter, the Family Court issued an order of [*2]commitment, which, in effect, confirmed the Support Magistrate's determination that the father willfully violated the child support order and committed the father to the custody of the New York City Department of Correction for a period of six months, on weekends from Friday at 6 p.m. to Monday at 6 a.m., with the opportunity to purge by paying the sum of $15,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as directed that the father be incarcerated must be dismissed as academic, the appeal from so much of the order of commitment as confirmed the finding and determination that the father was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of support (see Matter of Bickwid v Deutsch, 87 NY2d 862, 863; Matter of Dezil v Garlick, 136 AD3d 904, 905; Matter of Saintime v Saint Surin, 40 AD3d 1103, 1104).
Pursuant to Family Court Act § 454, if a respondent is brought before the court for failure to obey a lawful order of support and, after a hearing, the court is satisfied by competent proof that the respondent willfully failed to obey such lawful order of support, the court, inter alia, may commit the respondent to jail for a term not to exceed six months (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63, 68). The failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d at 69). Accordingly, proof that a respondent has failed to pay support as ordered establishes a petitioner's direct case of willful violation, shifting the burden of going forward to the respondent (see Matter of Powers v Powers, 86 NY2d at 69). The burden of going forward requires that a respondent offer some competent, credible evidence of his or her inability to make the required payments (see id. at 69-70).
Here, we agree with the Family Court's determination that the father willfully violated the registered order of child support. After prima facie evidence established that the father failed to meet his support obligation as set forth in the registered order, the father failed to come forward with competent, credible evidence that his failure to pay was not willful (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d at 70; Matter of Rojas-Paredes v Lewis, 149 AD3d 844, 845; Matter of O'Gorman v O'Gorman, 144 AD3d 918, 919).
The father's remaining contentions are without merit.
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court