Matter of Brooks v Brooks (2018 NY Slip Op 05034)





Matter of Brooks v Brooks


2018 NY Slip Op 05034


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2017-09393
2017-09436
 (Docket No. F-10342-09)

[*1]In the Matter of Marissa Brooks, respondent,
v
Joseph Brooks, appellant.


Marina M. Martielli, East Quogue, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of disposition of the Family Court, Suffolk County (Kathryn L. Coward, S.M.), dated August 8, 2017, and (2) an order of commitment of the same court (Jeffrey Arlen Spinner, J.), also dated August 8, 2017. The order of disposition, after a hearing, determined, inter alia, that the father willfully violated a child support order of the same court (Rosann O. Orlando, S.M.) dated August 17, 2009. The order of commitment, insofar as appealed from, confirmed the order of disposition and committed the father to the Suffolk County Correctional Facility for a period of 120 days or until he paid a purge in the sum of $5,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the Suffolk County Correctional Facility for a period of 120 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Becker v Guenther, 150 AD3d 985); and it is further,
ORDERED that the order of disposition is affirmed, without costs or disbursements; and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The father and the mother have one child together. The Family Court issued a child support order on August 17, 2009, directing the father to pay $62.79 per week in child support. The father persistently failed to make regular payments, and in May 2017, the mother commenced this proceeding pursuant to Family Court Act article 4, alleging that the father was in willful violation of the child support order. On August 3, 2017, a hearing on the matter was held before a Support Magistrate, who subsequently issued an order of disposition dated August 8, 2017, determining that the father willfully violated the child support order. The Family Court issued an order of commitment dated August 8, 2017, which confirmed the order of disposition, and committed the father to the custody of the Suffolk County Correctional Facility for a period of 120 days unless he paid the purge amount of $5,000. The father appeals.
The appeal from so much of the order of commitment as committed the father to the custody of the Suffolk County Correctional Facility for a period of 120 days unless he paid the purge [*2]amount must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father willfully violated the child support order, the appeal from so much of the order of commitment as confirmed the determination that the father was in willful violation of the child support order is not academic (see Matter of Schad v Schad, 158 AD3d 705, 706; Matter of Dezil v Garlick, 136 AD3d 904, 905).
Failure to pay support as ordered constitutes prima facie evidence of a willful violation of a child support order (see Family Ct Act § 454[3][a]; Matter of Dezil v Garlick, 136 AD3d at 905). Thus, proof that a respondent has failed to pay support as ordered establishes a petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69-70; Matter of Dezil v Garlick, 136 AD3d at 905).
Here, the mother presented prima facie evidence of the father's willful violation of a lawful child support order and, in response, the father failed to offer any competent, credible evidence of his inability to make the required payments. Thus, we agree with the Family Court's confirmation of the determination of the Support Magistrate that the father willfully violated the child support order (see Matter of Powers v Powers, 86 NY2d at 70; Matter of Schad v Schad, 158 AD3d at 706-707).
SCHEINKMAN, P.J., BALKIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court