Matter of Nassau County Dept. of Social Servs. v Simmons (2018 NY Slip Op 05847)





Matter of Nassau County Dept. of Social Servs. v Simmons


2018 NY Slip Op 05847


Decided on August 22, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-05617
 (Docket No. F-1734-15/16A)

[*1]In the Matter of Nassau County Department of Social Services, etc., respondent, 
v
David L. Simmons, appellant.


Rhoda R. Weir, Brooklyn, NY, for appellant.
Jared A. Kasschau, County Attorney, Mineola, NY (Christi Marie Kunzig of counsel), for respondent.



DECISION & ORDER
In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated March 20, 2017. The order of commitment, in effect, confirmed an order of disposition of the same court (Adam Small, S.M.), dated March 20, 2017, made after a hearing, determining that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Jail for a period of 30 days unless he paid the purge amount of $5,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Jail for a period of 30 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Schad v Schad, 158 AD3d 705); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
Stephanie Simmons (hereinafter the mother) and David L. Simmons (hereinafter the father) married in 2004 and had two children together. In March of 2015, the father was ordered to pay $189 biweekly for the support of the children. The father failed to make any payments, and this violation proceeding was commenced in September of 2016. A hearing was held before a Support Magistrate on March 20, 2017. The Support Magistrate subsequently issued an order of disposition determining that the father willfully violated the child support order. Thereafter, the Family Court issued an order of commitment which, in effect, confirmed the order of disposition, and committed the father to the custody of the Nassau County Jail for a period of 30 days unless he paid the purge amount of $5,000. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the Nassau County Jail for a period of 30 days must be dismissed as academic, as the period of incarceration has expired. However, in light of the enduring consequences which could flow from the determination that the father willfully violated the order of child support, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in [*2]willful violation of the order of child support is not academic (see Matter of Schad v Schad, 158 AD3d 705, 706; Matter of Dezil v Garlick, 136 AD3d 904, 905).
The petitioner presented prima facie evidence at the hearing of the father's willful violation of a lawful child support order (see Family Ct Act § 454[3][a]; Matter of Powers v Powers, 86 NY2d 63; Matter of Rojas-Paredes v Lewis, 149 AD3d 844). The burden then shifted to the father to offer competent credible evidence of his inability to make the required payments (see Matter of Stradford v Blake, 141 AD3d 725, 726; Matter of Morgan v Spence, 139 AD3d 859, 861). The father failed to meet this burden (see Matter of Dezil v Garlick, 136 AD3d at 905; Matter of McMinn v Taylor, 118 AD3d 887, 888; Matter of Logue v Abell, 97 AD3d 582, 853). As the father failed to rebut the petitioner's prima facie showing of a willful failure to pay (see Matter of Girasek-Brick v Girasek, 127 AD3d 861), the finding that the father willfully violated the support order was properly confirmed (see Matter of Schad v Schad, 158 AD3d at 706).
LEVENTHAL, J.P., COHEN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court