Matter of Ferrer v Brown (2018 NY Slip Op 06903)





Matter of Ferrer v Brown


2018 NY Slip Op 06903


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-10571
 (Docket No. F-420-13/17B)

[*1]In the Matter of Nicole L. Ferrer, respondent,
v
Todd A. Brown, appellant.


Gary E. Eisenberg, New City, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of disposition of the Family Court, Orange County (Lori Currier Woods, J.), dated September 15, 2017. The order, made after a hearing, found that the father had willfully violated a prior order of child support and, inter alia, committed him to the Orange County Jail for a period of six months unless he paid the purge amount of $20,000.
ORDERED that the appeal from so much of the order of disposition as committed the father to the Orange County Jail for a period of six months is dismissed, without costs or disbursements, as the period of incarceration has expired; and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
The mother and the father have two children together. In September 2013, the Family Court issued an order of child support directing the father to pay $272 per week. The father failed to make payments and, in January 2017, this proceeding was commenced against the father, alleging that he was in willful violation of the order of child support. After a hearing, the Family Court determined that the father's failure to pay child support was willful and, in an order of disposition dated September 15, 2017, the court, inter alia, committed the father to the Orange County Jail for a period of six months, with a purge amount of $20,000. The father appeals from the order of disposition.
The appeal from so much of the order of disposition as committed the father to the Orange County Jail for a period of six months unless he paid the purge amount must be dismissed as academic, as the period of incarceration has expired (see Matter of Rojas-Paredes v Lewis, 149 AD3d 844, 844; Matter of Dezil v Garlick, 136 AD3d 904, 905; Matter of Smith v Jeffers, 110 AD3d 904, 904). However, the appeal from so much of the order of disposition as determined that the father willfully violated the order of child support is not academic in light of the enduring consequences which may potentially flow from an adjudication that a party has been found to have violated an order of the Family Court (see Matter of Smith v Jeffers, 110 AD3d at 904-905).
Great deference should be given to the Family Court's credibility determinations, as it is in the best position to assess the credibility of the witnesses (see Matter of Vasconcellos v [*2]Vansconcellos, 37 AD3d 613; Matter of Teller v Tubbs, 34 AD3d 593, 593). Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation (see Family Ct Act § 454[3][a]; Matter of Dezil v Garlick, 136 AD3d at 905; Matter of Smith v Jeffers, 110 AD3d at 905). Once a prima facie showing has been made, the burden shifts to the party obligated to pay support to offer competent, credible evidence of his or her inability to make the payments as ordered (see Matter of Powers v Powers, 86 NY2d 63, 69; Matter of Root v Root, 161 AD3d 1169; Matter of Rojas-Paredes v Lewis, 149 AD3d at 845; Matter of Teller v Tubbs, 34 AD3d at 593). To rebut a prima facie showing of a willful violation based on a claim of inability to pay due to unemployment, the party obligated to provide support under the support order must demonstrate that he or she made reasonable efforts to obtain employment to satisfy the child support obligations (see Matter of Fallon v Fallon, 286 AD2d 389, 389).
Here, the mother presented prima facie evidence of the father's failure to pay the ordered support. In response, the father failed to offer competent, credible evidence of his inability to make the required payments. His testimony, in effect, was that he stopped paying child support because he was unemployed. The father admitted, however, that even when he had money, he did not use it to pay child support. Moreover, the evidence demonstrated that the father failed to make reasonable efforts to obtain gainful employment to satisfy his child support obligations (see Matter of Fallon v Fallon, 286 AD2d at 389). Accordingly, we agree with the Family Court's finding that the father's failure to pay child support was willful.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court