Matter of Brewster v Davidson (2019 NY Slip Op 05127)





Matter of Brewster v Davidson


2019 NY Slip Op 05127


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-02544
 (Docket No. F-2097-15/17A)

[*1]In the Matter of Nadia Lanakaye Brewster, respondent,
v
Shaun C. Davidson, appellant.


Arza Feldman, Uniondale, NY (Steven A. Feldman of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Nassau County (Danielle M. Peterson, J.), dated January 18, 2018. The order of commitment, in effect, confirmed an order of the same court (Tomasina C. Mastroianni, S.M.) dated December 21, 2017, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $10,000.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Dezil v Garlick, 136 AD3d 904, 905); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother, the custodial parent of the parties' two children, commenced this proceeding alleging that the father was in willful violation of an order of child support dated April 28, 2016. Following a hearing, the Support Magistrate issued an order finding that the father's failure to pay child support was willful. In an order of commitment dated January 18, 2018, the Family Court, in effect, confirmed the Support Magistrate's order and committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days unless he paid the purge amount of $10,000. The father appeals from the order of commitment.
Although the appeal from so much of the order of commitment as committed the father to the custody of the Nassau County Correctional Facility for a period of 30 days must be dismissed as academic, the appeal from so much of the order of commitment as, in effect, confirmed the finding that the father was in willful violation of the order of support is not academic in light of the enduring consequences which could flow from the finding that he violated the order of support (see Matter of Dezil v Garlick, 136 AD3d 904, 905; Matter of Westchester County Commr. of Social Servs. v Perez, 71 AD3d 906, 907).
We agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding that the father willfully violated the order of support. " Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation'" (Matter of Espinal-Melendez v Vasquez, 160 AD3d 852, 854, quoting Matter of Schad v Schad, 158 AD3d 705, 706; see Family Ct [*2]Act § 454[3][a]). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d at 706; see Matter of Powers v Powers, 86 NY2d 63, 69-70). Here, after the mother established, prima facie, that the father failed to meet his support obligation set forth in the order of support, the father failed to come forward with competent, credible evidence to establish his defense of an inability to pay (see Family Ct Act § 455[5]; Matter of Olivari v Bianco, 161 AD3d 983, 984). In particular, the father failed to submit sufficient medical evidence to support his claim that he was unable to work due to medical impairments, despite having received an adjournment of the hearing to secure such evidence (see Matter of Savas v Bruen, 154 AD3d 859, 860-861; Matter of Vasquez v Powell, 111 AD3d 754, 755; Matter of Smith v Jeffers, 110 AD3d 904, 905). The Support Magistrate's refusal to grant the father an additional adjournment was not an improvident exercise of discretion absent good cause shown (see 22 NYCRR 205.43[d][3]; see also Matter of Leonard v Leonard, 150 AD3d 1242, 1244; Matter of Lorys v Powell, 116 AD3d 1047, 1048).
The father contends that he was deprived of the effective assistance of counsel at the hearing before the Support Magistrate. Contrary to the father's contention, viewed in totality, the record reveals that he received the effective assistance of counsel at the hearing (see Matter of Berg v Berg, 166 AD3d 763, 764; Matter of Schad v Schad, 158 AD3d at 707). The father failed to establish "that any of the alleged deficiencies constituted anything other than legitimate, albeit unsuccessful, trial strategy" (Matter of Larrier v Williams, 84 AD3d 805, 806).
Accordingly, we agree with the Family Court's determination, in effect, to confirm the Support Magistrate's finding of willfulness.
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court