Matter of Atkinson v Atkinson (2020 NY Slip Op 01491)





Matter of Atkinson v Atkinson


2020 NY Slip Op 01491


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2019-02545
 (Docket No. F-02915-06/18I)

[*1]In the Matter of Shawenicwa Atkinson, respondent,
v
Donald R. Atkinson, Jr., appellant.


Kiel Van Horn, Port Jervis, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Orange County (Christine P. Krahulik, J.), dated February 22, 2019. The order of commitment confirmed an order of the same court, also dated February 22, 2019, made after a hearing, finding that the father willfully violated a prior order of child support, and committed him to the custody of the Orange County Jail for a period of 30 days unless he paid a purge amount of $78,703.24.
ORDERED that the appeal from so much of the order of commitment as committed the father to the custody of the Orange County Jail for a period of 30 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725); and it is further,
ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.
The mother commenced this proceeding against the father, alleging that he was in willful violation of a child support order. Following a hearing, the Family Court determined that the father's failure to pay child support was willful and, in an order of commitment dated February 22, 2019, the court committed the father to the Orange County Jail for a period of 30 days unless he paid a purge amount of $78,703.24. The father appeals from the order of commitment.
The appeal from so much of the order of commitment as committed the father to the custody of the Orange County Jail for a period of 30 days must be dismissed as academic, as the period of incarceration has expired (see Matter of Stradford v Blake, 141 AD3d 725). However, in light of the enduring consequences which could flow from the determination that the father willfully violated a prior order of child support, the appeal from so much of the order of commitment as confirmed the determination that the father was in willful violation of the order of child support is not academic (see Matter of Schad v Schad, 158 AD3d 705, 706).
We agree with the Family Court's determination that the father's failure to pay child support was willful. " Failure to pay support, as ordered, constitutes prima facie evidence of a willful violation'" (Matter of Espinal-Melendez v Vasquez, 160 AD3d 852, 854, quoting Matter of Schad v Schad, 158 AD3d at 706; see Family Ct Act § 454[3][a]). "Thus, proof that a respondent has failed to pay support as ordered establishes the petitioner's direct case of willful violation, [*2]shifting the burden to the respondent to offer competent, credible evidence of his or her inability to make the payments as ordered" (Matter of Schad v Schad, 158 AD3d at 706; see Matter of Powers v Powers, 86 NY2d 63, 69-70). Here, after the mother established, prima facie, that the father failed to meet his support obligation set forth in the order of support, the father failed to come forward with competent, credible evidence to establish his defense of an inability to pay (see Family Ct Act § 455[5]; Matter of Olivari v Bianco, 161 AD3d 983, 984). In particular, the father failed to submit sufficient medical evidence to support his claim that he was unable to work due to medical impairments, despite having received an adjournment of the hearing to secure such evidence (see Matter of Brewster v Davidson, 173 AD3d 1176, 1177; Matter of Smith v Jeffers, 110 AD3d 904, 905).
The father's remaining contention is without merit.
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court